OPINION OF THE COURT
Jasen, J.
Under both the State and Federal Constitutions, no warrant can be issued except upon probable cause “supported by oath or affirmation”. (NY Const, art I, § 12; US Const, 4th Arndt.) We are asked to decide on this appeal whether a warrant issued on the basis of a statement which, while not sworn to, contained a form notice to the effect that false statements are punishable under section 210.45 of the Penal Law satisfies the “oath or affirmation” aspect of this constitutional requirement. We conclude that it does.
On April 18, 1979, Officer J. A. Liptak of the New York State Police appeared before a Police Court Justice of the City of Cohoes and applied for a warrant to search the residence of defendant Mark Guido. In support of this application, Officer Liptak submitted his own sworn affidavit which recited, among other things, that Liptak had received information from a confidential informant that defendant Guido possessed and sold marihuana in his house. Liptak’s affidavit then referred to the attached, typewritten statement of an informant by the name of Anthony Colarusso. This statement was dated April 18, 1979 and disclosed Colarusso’s name, address and present place of employment. At the time, Colarusso was under indictment for the felonious possession of cocaine.
*381 Colarusso’s statement recited that he had met defendant Guido two years earlier, that he had “partied” with Guido, and that he had “gotten some pot off” Guido on a few occasions. The statement then made specific reference to Colarusso’s observations while at Guido’s house on the night of April 17,1979. Colarusso asserted that he “noticed a lot of marijuana in cardboard boxes” and that one box was “in the closet” and another was “in the living room”. Colarusso estimated that “there was maybe 60-70 pounds of grass” on the premises. Although unsworn, Colarusso’s statement included the following warning: “False statements made herein are punishable as a Class A Misdemeanor pursuant to section 210.45 of the Penal Law.”* Colarusso signed the statement below the warning and his signature was witnessed by Liptak and a second officer.
Before issuing the warrant, the Police Court Justice engaged Officer Liptak in an off-the-record, unsworn conversation concerning Colarusso’s past reliability as an informant. This discussion was summarized in a memorandum prepared by the Police Court Justice for his own file and which is included in the record on appeal. The substance of this memorandum indicates that Officer Liptak had known Colarusso for one and one-half years and that the information provided by Colarusso in the past had been accurate.
The warrant was then issued and, upon execution, approximately 130 pounds of marihuana, over $15,000 in currency and a quantity of pills were found at Guido’s residence. The defendants were thereafter indicted for criminal possession of marihuana in the first degree. (Penal Law, § 221.30.) After their motion to suppress was denied, defendants pleaded guilty to a reduced charge of attempted criminal possession of marihuana in the second degree and each was sentenced to five years probation. On appeal, a unanimous Appellate Division affirmed defendants’ convictions (82 AD2d 997), and leave to appeal was granted by an Associate Judge of this court.
*382 Defendants contend that the search warrant was statutorily and constitutionally defective because it was issued on the basis of a statement by Colarusso which was unsupported by “oath or affirmation.” Additionally, defendants assert that the papers submitted in support of the warrant application did not establish the reliability of Colarusso as an informant and, therefore, the warrant was issued on less than probable cause. There should be an affirmance.
At the outset, it should be noted that the Criminal Procedure Law offers no guidance in resolving the particular issue presented on this appeal. CPL 690.35 requires that an application for a search warrant “be in writing” and “be made, subscribed and sworn to by a public servant”. (CPL 690.35, subd 1.) The application must contain “[ajllegations of fact” that establish “reasonable cause to believe” that contraband may be found on the premises to be searched. (CPL 690.35, subd 2, pars [b], [c].) These allegations of fact may be based either “upon personal knowledge of the applicant or upon information and belief, provided that in the latter event the sources of such information and the grounds of such belief are stated.” (CPL 690.35, subd 2, par [c].) In addition, the applicant for a search warrant is permitted to submit “depositions of other persons containing allegations of fact supporting or tending to support those contained in the application”. (CPL 690.35, subd 2, par [c] [emphasis supplied].) While authorizing the use of such supporting “depositions” in connection with an application for a search warrant, the Legislature has provided no definition of that term; nor has the form of or the method for verifying such “depositions” been statutorily prescribed. (Cf. CPL 100.20, 100.30 [providing definition, form and methods for verification of “supporting deposition” filed with certain accusatory instruments].)
The constitutional mandate similarly is phrased in a general manner: an application for a search warrant must be “supported by oath or affirmation”. (NY Const, art I, § 12; US Const, 4th Arndt.) There is no constitutional prescription as to the particular form of the “oath or affirmation” or the exact manner in which it is to be administered. In the usual case, there will be a formal swearing before a notary to the truth of the information *383 provided, and any written statements submitted in support of the warrant application generally will contain the traditional jurat. This does not mean, however, that such procedural formality is a sine qua non of the “oath or affirmation” requirement. Indeed, a method of verification by which the maker of the statement is first alerted to the criminal consequences of knowingly providing false information in connection with a warrant application and then voluntarily acknowledges his acceptance of those consequences should suffice for purposes of the constitutional mandate that a warrant be issued upon proof “supported by oath or affirmation”.
While Colarusso’s supporting statement was not executed under formal oath, his statement did contain a warning that any false statements made by him would be punishable as a class A misdemeanor under section 210.45 of the Penal Law. We believe this statutorily authorized form notice served as the procedural and functional equivalent of the more traditional type of oath or affirmation. Therefore, the use of Colarusso’s statement in determining whether there was probable cause to issue the warrant was not constitutionally proscribed.
The form notice provision presently embodied in section 210.45 of the Penal Law was specifically enacted by the Legislature in order to provide a convenient method of assuring the truthfulness of documents without resort to the often cumbersome procedure of requiring an oath before a notary. (See Governor’s Memorandum, NY Legis Ann, 1964, p 517.) Verification by means of a form notice has been sanctioned in a variety of contexts. (See, e.g., Judiciary Law, former §§ 595, 600.) In particular, use of the form notice is an authorized method by which to verify a variety of accusatory instruments which often form the predicate for the issuance of an arrest warrant. (See CPL 100.30, subd 1, par [d]; 120.20.) Most importantly, a person signing a statement containing a form notice clearly is alerted to the very real and significant possibility of criminal prosecution should the information he provides prove to be false. (See People v Hicks, 38 NY2d 90, 94; see, also, People v Brown, 40 NY2d 183,188.) Indeed, the form notice may provide a greater practical assurance against inten *384 tional misstatements of fact than the more mechanical and oft times routine procedure of swearing before a notary.
In short, the form notice authorized by section 210.45 of the Penal Law is a more than adequate procedural safeguard against the rendition of perjury. Although perhaps less formal in nature than the more traditional methods of verification, a statement containing such a warning is, practically as well as theoretically, no different than a statement under oath. It follows that a subscribed statement which contains a warning to the effect that knowingly providing false information is punishable under section 210.45 of the Penal Law may be relied upon by a magistrate when determining probable cause without violating the constitutional mandate that warrants only be issued upon proof “supported by oath or affirmation”.
Having concluded that Colarusso’s statement was properly relied upon to establish the existence of probable cause warranting a search of defendant Guido’s residence, it is not necessary to reach the question whether Colarusso’s reliability as an informant was adequately established under the test of Aguilar v Texas (378 US 108). Suffice it to say that Colarusso’s statement was based on his own personal observations of the defendant’s premises and, on its face, set forth factual information sufficient to establish probable cause to believe that a large quantity of marihuana could be found there. Under such circumstances, the Aguilar standard is inapplicable since the issuing magistrate was justified in concluding, solely on the basis of the documents presented, that there was probable cause to conduct a search. (People v Bartolomeo, 53 NY2d 225, 233-234; People v Hicks, 38 NY2d 90, 93-94, supra.) True, the Police Court Justice may have entertained some doubt as to Colarusso’s reliability since he engaged Officer Liptak in an off-the-record, unsworn discussion on the matter. There is, however, no indication that this conversation revealed anything that would raise a doubt concerning Colarusso’s reliability as an informant. In fact, the issuing Justice’s memorandum is to the contrary. Although the better practice would have been to put the information in a supplemental affidavit, there is, under the particular circumstances of this case, no basis for disturbing the finding *385 made below that there was probable cause to support the issuance of the warrant.
For these reasons, we hold that defendants’ motion to suppress was properly denied and, therefore, the orders of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Orders affirmed.

 Section 210.45 of the Penal Law provides: “A person is guilty of making a punishable false written statement when he knowingly makes a false statement, which he does not believe to be true, in a written instrument bearing a legally authorized form notice to the effect that false statements made therein are punishable.”