■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES T. ZIMMER, JR., Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered August 23, 1982, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

On September 27, 1981, defendant was involved in an altercation outside a tavern in the Village of Waverly. The police were summoned and eyewitnesses informed them that defendant had been brandishing a handgun which he had placed in the trunk of his car. Thereafter, pursuant to a search warrant, police found and seized a revolver, loaded with a single cartridge, in the trunk of defendant's car. Defendant was indicted for criminal possession of a weapon in the third degree and menacing.

At a suppression hearing, defendant challenged the admissibility of the gun because the issuing Magistrate had neglected to sign the jurat on the search warrant application. However,

the Magistrate testified unequivocally that the applicant orally swore to the application, prompting County Court's conclusion that the warrant met the requirements of CPL 690.35, hence, the search and seizure were lawful.

Following plea negotiations during which County Court promised defendant that, if it could not in good conscience sentence him to an intermittent term of imprisonment, he would be permitted to withdraw the plea and proceed to trial, defendant pleaded guilty to criminal possession of a weapon in the third degree. The actual sentence imposed was one year in the county jail. Defendant was not offered, nor did he ask for, an opportunity to withdraw his earlier plea.

On appeal, defendant takes exception both to County Court's ruling on the suppression motion and its nonobservance of the plea agreement. As for the first objection, it is well established that the mandate of CPL 690.35 (1), insofar as it requires that a search warrant be "made, subscribed and sworn to by a public servant", is a procedural safeguard against the rendition of perjury and, therefore, substantial compliance with this statute's purpose is all that is necessary (*People v Brown*, 40 NY2d 183, 185-186; *People v Bowers*, 92 AD2d 669, 670; *People v Johns*, 41 AD2d 342, 345). Here, the single defect in the search warrant application is that the jurat was not signed. The jurat is, however, "simply evidence of the fact that the oath was properly taken before a duly authorized officer. It is no part of the oath" (*People ex rel. 5th Ave. & 37th St. Corp. v Miller*, 261 App Div 550, 552), and its absence is a defect curable by subsequent affidavits or testimony (*see, Supreme Automotive Mfg. Corp. v Continental Cas. Co.*, 97 AD2d 700; *People ex rel. 5th Ave. & 37th St. Corp. v Miller, supra*). Given the certitude of the issuing Magistrate's uncontroverted testimony that the police officer did indeed swear to the warrant application and the presumption of the truthfulness of that testimony (*see, People v McIver*, 39 AD2d 671, *affd* 31 NY2d 735), the statutory procedure for issuance of the search warrant was sufficiently conformed with so as to justify upholding the denial of defendant's motion to suppress.

With respect to County Court's failure to carry out the terms of the plea agreement, the People, with commendable candor, concede that this necessitates remitting the matter for further proceedings consistent with that agreement (*see, People v Smith*, 76 AD2d 891, 892).

Judgment reversed, on the facts, guilty plea vacated and matter remitted to the County Court of Tioga County for

further proceedings not inconsistent herewith. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.