■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHERYL DUNN, Respondent.—Kane, J. P. Appeal from an order of the County Court of Ulster County (Vogt, J.), entered October 9, 1984, which granted defendant's motion to suppress evidence.

On September 28, 1983, State Police Investigator George Rebhan appeared before a Town Justice in the Town of Lloyd seeking a search warrant that would allow the police to obtain a blood sample from defendant, who was then unconscious. Defendant had been involved in a fatal car accident and Rebhan asserted that there was cause to believe that she was intoxicated at the time. The Town Justice signed the warrant and a blood-alcohol test was performed. This test revealed that defendant had a blood-alcohol level of .19% and, accordingly, she was indicted for the crime of vehicular manslaughter.

In due course, defendant moved to suppress the results of the blood test. Following a suppression hearing, County Court, *inter alia,* found that the application for the warrant was not subscribed or sworn to by Rebhan. Based upon these findings of fact, the court concluded that the search warrant was not obtained in compliance with the dictates of CPL 690.35 and, as such, was invalid. Defendant's motion was thus granted and this appeal by the People ensued.

Under the State and Federal Constitutions, no search warrant may be issued except upon probable cause "supported by oath or affirmation" (NY Const, art I, § 12; US Const 4th Amend). Moreover, CPL 690.35 (1) provides, in pertinent part, that: "An application for a search warrant may be in writing

or oral. If in writing, it must be made, *subscribed and sworn to by a public servant*" (emphasis supplied).

The application for a warrant herein contains no indication that it was sworn to *(cf. People v Sullivan,* 56 NY2d 378). Furthermore, the Town Justice testified at the suppression hearing that Rebhan did not orally swear to the contents of his statement submitted in support of the application for the search warrant. Since the application did not comply with the constitutional or statutory requirements set forth above, County Court properly granted defendant's motion *(see, People v Coburn,* 85 Misc 2d 673). We have examined the People's remaining arguments and find them to be without merit in the context of this case.

Order affirmed. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.