■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG J. BUTCHINO, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Franklin County (Pluma-

dore, J.), rendered September 9, 1987, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

On December 12, 1986, defendant's wife entered the Village of Malone Police Department to complain that her husband was trafficking in cocaine. She signed a statement detailing her knowledge and participation with defendant in the purchase, use and sale of cocaine; the statement was witnessed by Officer Gary Peryea. Based on that statement, Officer Norman Tatro obtained a warrant from Village of Malone Justice F. Laurence Dunn to search defendant's residence. When the warrant was executed, at about 1:00 A.M. on December 13, 1986, the police found defendant in his room, cutting and packaging a white substance, with what appeared to be illicit drugs and drug paraphernalia about the room; the white substance proved to be cocaine.

Defendant was indicted on three counts of criminal possession of a controlled substance, one of which was withdrawn prior to trial, and convicted of the two remaining counts (criminal possession of a controlled substance in the third and fourth degrees) by a jury. Defendant appeals from the judgment rendered thereon; we affirm.

Defendant asserts that the evidence acquired in the search should have been suppressed because his wife's statement was not given under oath, there were no indications in it of her reliability, and the jurat on Tatro's search warrant application was unsigned. An unsworn statement can provide probable cause sufficient to support issuance of a search warrant so long as there are adequate indicia of the accuracy of its contents *(People v Brown,* 40 NY2d 183, 188). Here, we do not need to resort to the *Aguilar-Spinelli* test of an informant's reliability, as urged by defendant, for the statement comes from one who clearly has personal knowledge of the facts asserted *(see, People v Bartolomeo,* 53 NY2d 225, 234; *People v Hicks,* 38 NY2d 90, 92-93). Defendant's wife signed her statement directly below language proclaiming "I certify that the facts contained herein are true and correct", and the signing was witnessed by a police officer. Furthermore, the statement was clearly against her penal interest in that it contains admissions by her that she both possessed and abetted the trafficking of cocaine *(see, People v Johnson,* 66 NY2d 398, 403-404); had she lied, she could have been prosecuted for falsely reporting an incident under Penal Law § 240.50.

In response to defendant's motion to suppress, the People

obtained an affidavit from Justice Dunn averring that he specifically recalled orally swearing Tatro, as was his practice, before issuing the warrant. That affidavit satisfies the requirement of the 4th Amendment to the US Constitution and CPL 690.35 (1) that the search warrant application be sworn to *(see, People v Zimmer,* 112 AD2d 500, 501). Defendant raises for the first time the contention that Dunn's affidavit is deficient in that it was notarized by a notary of Georgia rather than by someone authorized to administer oaths in New York *(see,* Executive Law § 130). This issue has not been preserved for our review *(see, People v Argibay,* 45 NY2d 45, 53, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930). Aside from that, a notary is presumed to have acted within his or her jurisdiction *(Cubisino v Cohen,* 47 NYS2d 952, 954, *affd* 267 App Div 891), and there is no indication in the record that Dunn's affidavit was not executed, as represented, in Georgia.

In his reply to the People's answer to his omnibus motion, defendant raised the *possibility* that an unauthorized person, viz., Dunn, was present at the Grand Jury proceedings, which, it should be noted, also enjoy a presumption of regularity *(People v Lewis,* 98 AD2d 853, 854). Defendant raised this issue a second time following jury selection, again without substantiation. County Court properly denied the motion without prejudice to renewal upon submission of an affidavit from Dunn or a grand juror to support defendant's allegation which the court found from a reading of the Grand Jury minutes to be "totally without merit". A few days into the trial, defendant again raised the issue, this time with affidavits from his wife and mother alleging that Dunn was present when testimony was taken by the Grand Jury. This motion was appropriately denied as untimely, given that said affidavits could have been secured prior to trial.

Defendant's contention that he was deprived of a fair trial because as an indigent he was unable to prepay the chemist approved by County Court pursuant to County Law § 722-c to analyze the substances seized from defendant is unpersuasive. Subsequent reimbursement rather than prepayment is the method implicitly prescribed by County Law § 722-c. Furthermore, defendant, through his counsel, not only did not object but acknowledged that payment after audit was an agreeable arrangement.

However, County Court did err with respect to a jury request for supplemental instruction. In response to a request to clarify the meaning of "intent to sell", the court properly reread part of its original charge on intent to sell, after which

it asked, "Is that sufficient?", to which the jury foreman replied, "I don't believe so." Rather than provide further instruction, the court merely stated, "Well, that is as far as I am allowed to go with respect to explaining it." Since a more expansive supplemental charge could have been given, e.g., a rereading of the court's entire charge on intent, it was error not to follow up on the jury's continued expression of confusion or need to have the intent concept refreshed, whatever the cause may have been (see, People v Malloy, 55 NY2d 296, 302-304, cert denied 459 US 847; see also, People v Davis, 118 AD2d 206, 212). In light of the overwhelming evidence of defendant's intent to sell—testimony from a supplier and from a customer of defendant's cocaine sales, defendant's being caught in the act of preparing cocaine for sale, and the presence in defendant's room of paraphernalia used in the sale of cocaine—the error, which was not preserved for review, was harmless (see, People v Crimmins, 36 NY2d 230). In fact, given the strength of this evidence, it is a safe assumption that the jury's inquiry on intent to sell pertained to defendant's codefendant, who was acquitted of possession with an intent to sell.

Finally, defendant maintains that the sentence imposed was excessive. Although it is not entirely clear from the sentencing minutes that defendant's prison sentences of 8 to 16 years and 7½ to 15 years are to run concurrently and not consecutively, inasmuch as the briefs submitted by the District Attorney and on behalf of the defendant all represent that to be the fact, we have viewed the sentences as running concurrently in concluding, as we do, that they are not inappropriate.

The remaining assignments of error urged by and on behalf of defendant are either unpreserved, harmless or wholly without merit.

Judgment affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.