■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD D. OXX, Also Known as RONALD A. ROTUNNO, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered July 17, 1987, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant raises several issues on this appeal which he contends require reversal of his conviction: (1) invalidity of the search warrant pursuant to which evidence was seized from defendant's grandfather's house, (2) error in County Court's failure to suppress both evidence seized and a statement made by defendant to a police officer, (3) ineffective assistance of counsel, and (4) illegality and harshness of sentence.

The events leading to defendant's conviction on his plea of guilty commenced with information given by Timothy Penrose to Investigator Alfred Smith of the State Police regarding defendant's dealing in the drug methamphetamine. As part of the police investigation, Penrose was equipped with monitoring equipment on which the police subsequently overheard defendant selling Penrose one quarter of an ounce of methamphetamine which was confiscated by the police.

Smith then made a written application for a search warrant to County Court to search defendant's residence and the nearby residence of his grandfather. Both Penrose and Smith gave in camera testimony to County Court detailing Penrose's purchase of drugs and information as to the probable location of the drugs in the grandfather's home. The application was sworn to by Smith. The court then issued a signed search warrant. Upon execution of the search warrant, five ounces of methamphetamine and marihuana were found in the grandfather's house. Defendant was present at the time of the search. After the drugs were found, defendant was advised of his *Miranda* rights, which defendant acknowledged that he understood. Smith then told defendant that drugs were found in his

grandfather's residence and that the grandfather was going to be arrested, to which defendant said, "come on, man, you know it's mine; leave him alone". Defendant was then arrested.

Relying on *People v Dunn* (117 AD2d 863), defendant urges that the People have failed to sustain their burden of proof as to the validity of the search warrant pursuant to CPL 690.35 (1), in that no sworn supporting affidavit for issuance of the search warrant was presented at the suppression hearing as required by the statute. We disagree. Smith testified at the suppression hearing that he had signed the supporting application and had sworn to it before a warrant was issued. He also gave evidence that he overheard the purchase of the methamphetamine made by Penrose from defendant via the electronic surveillance equipment. The in camera sworn testimony of Penrose, given before County Court, was also presented at the hearing. The People have thus proven sufficient compliance with CPL 690.35 (1) *(see, People v Zimmer,* 112 AD2d 500, 501). Evidence seized pursuant to the warrant was thus legally secured.

Defendant also urges that the search warrant should have been suppressed for failing to meet the standard of reliability set out in *Aguilar v Texas* (378 US 108) and *Spinelli v United States* (393 US 410). We find the contention inapplicable to the instant circumstances since Penrose, the informant, appeared before County Court personally and gave testimony, under oath, sufficient to establish probable cause *(see, People v Sullivan,* 56 NY2d 378, 384). The *Aguilar-Spinelli* test is used when the reliability of information supplied by an absent informant is attested to by the police.

Defendant contends that the failure of the police to elicit from him a specific waiver of his right to counsel violated his *Miranda* rights. We disagree. Defendant was given the full litany of *Miranda* rights and he acknowledged that he understood them. His course of conduct and his prior experience with police were sufficient to constitute a waiver *(see, People v Pino,* 116 AD2d 601, 602).

Defendant next urges that his admission was involuntary and coerced by Smith's threat to arrest his grandfather. We deem Smith's action proper and appropriate. The police had a factual basis to make such a statement, in view of finding drug contraband on the grandfather's premises, and there was nothing unfair or coercive in the statement.

Defendant also urges that defense counsel failed to give him meaningful representation, thus requiring a reversal. We

disagree. Some of the alleged legal errors are contradicted by the record and the others, if they be deficiencies, have not been shown to be egregious so as to affect the outcome of the case. We find no indication that defense counsel waived any reversible error requiring our intervention (*cf., People v O'Connell,* 133 AD2d 970, 971-972) or that the errors were of such compounding magnitude as to require reversal.

Finally, we hold that the sentence imposed on defendant was neither invalid nor unduly harsh. Defendant's contention that there was no presentencing report is contradicted in the record.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.