■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY WEBSTER, Appellant.—Casey, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered April 22, 1988, convicting defendant upon his plea of guilty of the crimes of conspiracy in the second degree and assault in the first degree.

Defendant was arrested in connection with a stabbing and attempted robbery, which occurred in the cab of a pickup truck in which defendant and the victim were passengers. The victim escaped by jumping out of the window of the fast-moving vehicle. Defendant claims that the police lacked probable cause to make the warrantless arrest because it was based upon the uncorroborated statement of the driver of the vehicle in which the stabbing occurred. We disagree.

The sworn statement of an identified member of the community attesting to facts which the affiant had directly and personally observed satisfied the probable cause requirement *(see, People v Hicks,* 38 NY2d 90). The statement in this case was verified by means of the form notice provision contained in Penal Law § 210.45, which is the procedural and functional equivalent of the more traditional type of oath or affirmation *(see, People v Sullivan,* 56 NY2d 378, 383). This provision "was specifically enacted by the Legislature in order to provide a convenient method of assuring the truthfulness of documents without resort to the often cumbersome procedure of requiring an oath before a notary" *(supra,* at 383). In addition, because the statement contained a warning that the giving of a false statement constituted a violation of the Penal Law, "[t]he averments made by the informant were * * * declarations against his penal interest" *(People v Hicks, supra,* at 94). Accordingly, defendant's claim that the People were required to come forward with additional proof of reliability in order to show probable cause is without merit.

Defendant's excessive sentence argument is also meritless. In light of the vicious and premeditated nature of defendant's conduct, it cannot be said that County Court abused its discretion in sentencing defendant to concurrent prison terms of 6⅔ to 20 years and 4 to 12 years, which was less than the maximum possible sentence.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.