(October 24, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENDA PETTIWAY, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered January 20, 1988, upon a verdict convicting defendant of the crimes of robbery in the third degree, assault in the second degree and resisting arrest.

On May 24, 1986 defendant met George Pippin, a long-time friend, in a fast food restaurant. After they shopped for food and drink, she invited him to her apartment where they consumed beer. Ultimately, Pippin rejected defendant's attempts to seduce him, whereupon she forced him at knifepoint to give her $150 consisting of two large denomination bills and then chased him from the apartment. When he later attempted to retrieve his money, defendant severely cut his hand. Pippin reported the robbery to the police who proceeded to defendant's apartment. Following a brief struggle during

which a police officer was bitten, defendant was arrested and the two bills removed from under her shirt. She was convicted after trial on the charge of robbery in the third degree, assault in the second degree relating to the bite, and resisting arrest.

Defendant seeks a review in the interest of justice of the warrantless arrest in her home and the retrieval of the currency, which she characterizes to be of constitutional dimension. Both of these issues are raised for the first time on appeal (see, People v Martin, 50 NY2d 1029; People v Ruggles, 159 AD2d 969, lv denied 76 NY2d 864, 77 NY2d 1000). Because the failure of defendant to raise these issues before County Court deprived the People of a full opportunity to fairly present proof in opposition (see, People v Tutt, 38 NY2d 1011), we conclude it inappropriate to exercise our discretion and grant defendant any relief on the record before us.

Mahoney, P. J., Casey, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.