■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN C. MORELOCK, Appellant.—Weiss, P. J. Appeal from a judgment of the Supreme Court (Monserrate, J.), rendered February 1, 1991 in Broome County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

On April 10, 1990, a warrant was issued by a Binghamton City Court Judge authorizing a search of the first floor apartment at 9 Mulberry Street in the City of Binghamton, Broome County. The warrant was supported by the affidavit of Binghamton Police Investigator William Yeager and the written witnessed confession-statement of Linda Netherton. Execution of the warrant resulted in the seizure of cocaine, other controlled substances, related drug paraphernalia and two handguns. The seizure led to a six-count indictment against defendant, who resided in the apartment. Defendant moved to suppress the contraband and evidence seized under the war-

rant, contending that the warrant had been granted upon an insufficient and defective application. Upon denial of the motion, defendant pleaded guilty to the first count in full satisfaction of the entire indictment.

On this appeal, defendant contends that Supreme Court erred in its denial of his suppression motion. He argues that the absence of a jurat on the confessional affidavit and the failure of the People to establish that Netherton had been duly sworn requires application of the two-pronged *Aguilar-Spinelli** test, and that the instant warrant application failed to meet the standards of that test. We disagree with both arguments.

An unsworn statement can provide probable cause sufficient to support the issuance of a search warrant provided adequate indicia of the accuracy of the contents is established *(see, People v Brown,* 40 NY2d 183, 188; *People v Butchino,* 152 AD2d 854, 855). Statements made against the penal interest of an informant can be sufficient to establish the reliability even where the identity of the informant has not been disclosed to the court *(see, United States v Harris,* 403 US 573, 583). Here, the statement was made by a clearly identified individual with personal firsthand knowledge of the detailed facts asserted therein. The statement implicating defendant as the possessor and dealer of cocaine is part of a comprehensive confession by Netherton clearly implicating her in both possessing and trafficking cocaine, and is sufficient to establish the reliability of the statement *(see, People v Johnson,* 66 NY2d 398, 403-404; *People v Comforto,* 62 NY2d 725; *People v Butchino, supra; see also, Illinois v Gates,* 462 US 213). The fact that Netherton was in custody on serious charges does not suggest unreliability *(see, People v Rodriguez,* 52 NY2d 483, 490). The statement was a part of a formal confession to police officers after Netherton had been advised of her *Miranda* rights orally and in writing on the caption of the confession. Moreover, the testimony showed that the statement was made of her own free will without promises of anything offered to her or hope of reward, favor, or expectation of leniency extended.

The affidavit of Yeager satisfied the requirement of both the 4th Amendment to the US Constitution and CPL 690.35 (1) that the application for the search warrant be sworn to *(see,*

---

* When a search warrant is issued upon an affidavit by a law enforcement officer who recites hearsay information relayed to him by an undisclosed informant, (1) the veracity or reliability of the informant must be demonstrated and (2) the basis of the informant's knowledge must be established *(Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 108).

*People v Butchino, supra; People v Zimmer,* 112 AD2d 500, 501). "Where a search warrant has been secured, the *bona fides* of the police will be presumed and the subsequent search upheld in a marginal or doubtful case * * * [S]earch warrant applications should not be read in a hypertechnical manner as if they were entries in an essay contest. On the contrary, they must be considered in the clear light of everyday experience and accorded all reasonable inferences" *(People v Hanlon,* 36 NY2d 549, 558-559). Here, probable cause was firmly established and the warrant application was in correct form.

Mercure, Crew III, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the Supreme Court for further proceedings pursuant to CPL 460.50 (5).