■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES McGOURTY, Appellant.—Mikoll, J. P. Appeals (1) from a judgment of the County Court of Sullivan County (Vogt, J.),

rendered October 22, 1990, upon a verdict convicting defendant of the crimes of criminal sale of a firearm in the second degree (two counts), criminal possession of a weapon in the third degree (three counts), criminal possession of stolen property in the fourth degree (two counts), burglary in the second degree (five counts) and petit larceny (five counts), and (2) by permission, from an order of said court (Kane, J.), entered February 3, 1992, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

After a jury trial on a 25-count indictment, defendant was found guilty of 17 counts: two counts of criminal sale of a firearm in the second degree, three counts of criminal possession of a weapon in the third degree, two counts of criminal possession of stolen property in the fourth degree, five counts of burglary in the second degree and five counts of petit larceny. He was thereafter sentenced as a persistent felony offender to a term of 20 years to life imprisonment. Subsequent to taking an appeal defendant moved pursuant to CPL 440.10 to vacate his conviction. Although defendant requested a hearing, County Court denied the motion without a hearing. A Justice of this Court granted defendant permission to appeal from that order.

Defendant's contention that County Court erroneously determined that the search warrant used against him was issued on probable cause is without merit. Defendant argues that the only evidence supporting issuance of the warrant was the unsworn signed statement of Frank Marotto, which details Marotto's dealings with defendant and was given to police after Marotto's arrest for possession of a weapon. Defendant claims that this was insufficient to establish probable cause. The signed statement of Marotto was attached to the search warrant application and described his meeting with defendant in the Jet Away bar in the Town of Liberty, Sullivan County, how defendant offered to sell him guns or jewelry and his purchase of a .22-caliber pistol from defendant for $150 in the bathroom of the bar. The statement provided probable cause sufficient to support issuance of the warrant inasmuch as it contained adequate indication of the accuracy of its contents (see, People v Butchino, 152 AD2d 854, 855, lv denied 74 NY2d 894) and was against Marotto's penal interest (see, People v Johnson, 66 NY2d 398, 403-404; People v Comforto, 62 NY2d 725; People v Butchino, supra; see also, Penal Law §§ 165.40, 165.45).

Defendant's argument that Justice Court's failure to record

or summarize the testimony taken in determining whether to issue the search warrant pursuant to CPL 690.40 (1) is reversible error is not reviewable on this appeal, as the issue has not been preserved for appellate review because of defendant's failure to argue it before County Court (see, People v Pettiway, 176 AD2d 1069, 1070). In any event, the requirements of CPL 690.40 (1) were substantially complied with. The instant situation differs from that found in People v Taylor (73 NY2d 683, 690-691) where the basis for the finding of probable cause was the oral statement of the informant. Here, Marotto's written statement contains the basis for Justice Court's finding of probable cause and is available for appellate review (see, People v Taylor, supra, at 690-691; People v Israel, 161 AD2d 730, 731).

Defendant's contention that he was not properly sentenced as a persistent felony offender because he was not given a hearing to offer testimony and because of County Court's failure to delineate its reasons for sentencing him as a persistent felony offender is without merit. There was sufficient proof of defendant's character before the court as both he and his attorney spoke on his behalf (see, CPL 400.20 [8]; People v Sasso, 99 AD2d 558, 559) and County Court sufficiently delineated its reasons for the sentence in compliance with Penal Law § 70.10 (2).

Defendant's final contention, that County Court erred in denying his CPL 440.10 motion without a hearing because there are insufficient facts in the record to explain why the application and the statement of Marotto are in the same handwriting, is also without merit. Defendant furnished no new evidence on his motion inasmuch as both documents were available at the time of the suppression hearing (see, People v Vitanza, 167 AD2d 763, 764-765, lv denied 77 NY2d 845; see also, CPL 440.10 [1] [g]).

Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment and order are affirmed.