■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ROGER MARTIN ROBERTS, Appellant. [600 NYS2d 582] —Judgment
unanimously reversed on the law, motion to suppress granted
and indictment dismissed. Memorandum: Defendant was
charged with criminal possession of a controlled substance in
the third degree (Penal Law § 220.16 [1]) for knowingly and
unlawfully possessing cocaine with intent to sell. He was
arrested after the police executed a search warrant at a
second floor apartment on Exchange Street in the City of
Geneva and searched defendant, who was present therein.
County Court denied defendant's motion to suppress, finding
that the warrant was "satisfactorily issued. It's in proper form
and there is sufficient information to support the issuance of a
warrant".

We agree with defendant's contention that the court erred
in failing to suppress all evidence seized as a result of the
search warrant. The warrant application failed to establish
probable cause to believe that contraband would be found in
the second floor apartment. In reviewing the validity of a
search warrant to determine whether it was supported by
probable cause or whether it contained a sufficiently particu-
lar description of its target, the critical facts and circum-
stances for the reviewing court are those that were made
known to the issuing Magistrate at the time of the warrant
application *(People v Nieves,* 36 NY2d 396, 402). "The validity
of a search warrant depends upon the sufficiency of what is
found within the four corners of the underlying affidavit"
*(United States v Taylor,* 716 F2d 701, 705).

In reviewing the supporting affidavit of the Deputy Sheriff,
we conclude that there was probable cause to believe that
contraband would be found at or near the premises. Those
premises, however, were specifically referred to in the applica-
tion as a "two story wood frame apartment building". The
Deputy averred that he pulled into the driveway of the two
story house and observed a man known to him "walk around
the south side of the yellow house to the rear out of my
sight". While reasonable inferences may be drawn directly
from the circumstances shown in a warrant application, there
is no support in the application for the inference that the
"second floor apartment" at that address was being used for
the sale and distribution of cocaine. From the circumstances

revealed in the warrant application, it could as readily have been inferred that the man obtained the cocaine from the first floor apartment, the backyard of the premises, or a shed or other structure located in the backyard of the premises.

Accordingly, the application for the search warrant was insufficient to establish probable cause to believe that contraband could be found in the second floor apartment. Because all evidence against defendant was obtained as a result of the invalid search warrant, the indictment must be dismissed. (Appeal from Judgment of Ontario County Court, Harvey, J., trial; Henry, Jr., J., suppression—Criminal Possession Controlled Substance, 3rd Degree.) Present—Callahan, J. P., Green, Lawton, Fallon and Boehm, JJ.