■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD J. LADUKE, II, Appellant. [614 NYS2d 851] —Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to criminal possession of marihuana in the third degree. He contends on appeal that County Court erred in determining that the search warrant executed by the police is supported by probable cause. In reviewing the validity of a search warrant to determine whether it is supported by probable cause or whether it contains a sufficiently particular description of its target, the critical facts and circumstances for the reviewing court are those that were made known to the issuing Magistrate at the time the warrant application was made *(People v Nieves,* 36 NY2d 396, 402; *see, People v Roberts,* 195 AD2d 1018).

The information before the Magistrate indicated that the police had received information from "reliable informants" that the LaDukes were dealing in marihuana. It is, however,

undisputed that the hearsay portions of the investigator's affidavit did not satisfy the *Aguilar-Spinelli* test *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410) for evaluating second-hand information. Thus, there had to be sufficient first-hand independent observations made by the police to establish probable cause for issuance of the warrant. The investigator asserted in his affidavit that he flew over defendant's property in a helicopter and observed a building composed of opaque fiberglass panels in which numerous green plants that appeared to be marihuana plants were growing. The fact that green plants are observed growing in a greenhouse is as consistent with innocence as it is with guilt. Conduct equally consistent with guilt or innocence will not suffice to establish probable cause *(see, People v Carrasquillo,* 54 NY2d 248, 254; *People v Miranda,* 106 AD2d 407, 409). Thus, in our view, the investigator's observations of green plants growing inside a translucent building are insufficient to establish probable cause that the plants were marihuana plants.

We agree with defendant's contention that the search of the greenhouse exceeded the scope of the search warrant *(see, People v Caruso,* 174 AD2d 1051). Although the officer asked for permission to search all "outbuildings located at the address", the Magistrate did not authorize such a search.

Nevertheless, we conclude that the search and seizure of the contraband are valid because defendant's wife and father freely and voluntarily consented to a search of their home and property. "[O]ne of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent" *(Schneckloth v Bustamonte,* 412 US 218, 219; *see, People v Jakubowski,* 100 AD2d 112). Defendant contends that his consent to search was the product of coercive tactics on the part of the police, who threatened to confiscate his land and vehicles and arrest his wife and father. It is not, however, necessarily an improper tactic for the police to capitalize on the " 'reluctance [of a defendant] to involve his family in a pending investigation' ", especially where, as here, the police had a valid legal basis to carry out their threats to arrest defendant's wife and father *(People v Young,* 197 AD2d 874, 875, *lv denied* 82 NY2d 854; *see, People v Oxx,* 155 AD2d 851, 852, *lv denied* 76 NY2d 740). In addition, the police had valid legal grounds to threaten defendant with forfeiture of his property.

The court properly denied the motion to suppress defendant's statements to the police. Finally, there is no merit to

the contention that defendant's sentence is harsh and excessive. (Appeal from Judgment of Jefferson County Court, Clary, J.—Criminal Possession Marihuana, 3rd Degree.) Present—Green, J. P., Balio, Fallon, Callahan and Davis, JJ.