OPINION OF THE COURT
Dennis F. Bender, J.
The respondent in this juvenile delinquency proceeding is *582 charged with committing several acts, which if done by an adult, would constitute the crimes of rape in the first degree (Penal Law § 130.35 [1]), burglary in the first degree (Penal Law § 140.30 [3]), sexual abuse in the first degree (Penal Law § 130.65 [1]), unlawful imprisonment (Penal Law § 135.05), menacing in the second degree (Penal Law § 120.14 [1]), and endangering the welfare of a child (Penal Law § 260.10 [1]).
Counsel for the respondent filed a motion seeking various forms of relief. This decision deals with the motion to suppress physical evidence obtained pursuant to a search warrant dated August 31, 1999, and any other evidence derived as a result of that search. The respondent asserts, inter alia, that such evidence is suppressible because the written search warrant application was neither subscribed nor sworn to in accordance with the requirements of CPL 690.35 (1) and the United States and New York Constitutions.
The fact pattern appears novel. Following the signature of the applicant in the application are the words “Subscribed and Sworn to before me the 31st day of August 1999,” which are followed by the signature of a sergeant at the Sheriffs Department who reputedly administered the oath. There is no allegation that the sergeant was a notary public (Executive Law § 130), or that he was otherwise authorized to administer an oath.
The presentment agency, rather, argues that the form of an oath taken by a witness is flexible and is deemed sufficient so long as it is calculated to awaken the conscience and impress the mind of the person taking it in accordance with his or her religious or ethical beliefs, citing People v Wilson (255 AD2d 612; see also, People v Brown, 40 NY2d 183, 185-186; People v Zimmer, 112 AD2d 500, 501; CPLR 2309 [b]). Since it was the investigating officer’s belief that he was taking an oath before one authorized to administer the same, states the presentment agency, this court should find the application sufficient under the State and Federal Constitutions, and CPL 690.35 (1).
On the face of it, the presentment agency’s argument has a certain appeal. Some leeway is clearly available to the court when conducting a review of search warrant procedures. Substantial compliance with statutory directives will suffice. It need not be literal. (People v Brown, supra, at 185-186; People v Zimmer, supra, at 501.) In keeping with this, there is “no constitutional prescription as to the particular form of the ‘oath or affirmation’ or the exact manner in which it is to be *583 administered [upon a search warrant application].” (People v Sullivan, 56 NY2d 378, 382 [1982]; see also, People v Holmes, 93 NY2d 889, 890.) Neither CPL 690.35, nor article I, § 12 of the New York State Constitution, nor the Fourth Amendment of the United States Constitution provides otherwise. Simply put, the “procedural formality”, of swearing before a notary public is not “a sine qua non of the ‘oath or affirmation’ requirement.” (People v Sullivan, supra, at 383.) In fact, no swearing or affirming in the traditional sense is even required. An applicant’s signed statement containing the language of Penal Law § 210.45 that making false statements is punishable will suffice. (.People v Sullivan, supra.)
Notably, however, a statement with the Penal Law § 210.45 warning is, by definition, an oath. CPL 1.20 (38) states that an oath “includes an affirmation and every other mode authorized by law of attesting to the truth of that which is stated.” (Emphasis added.) A statement with a Penal Law § 210.45 notice clearly falls within these parameters. With equal clarity, the method utilized in the within matter does not.
In short, the presentment agency’s argument fails not because of the form of the oath administered or the manner in which it was administered, but because it was not administered by anyone entitled to do so. Police officers are authorized to administer oaths to others in certain circumstances (see, e.g., CPL 100.30 [1] [b]; Vehicle and Traffic Law § 208). No statutory provision exists relative to search warrants, however, and no authority to administer oaths should be construed without statutory authorization. (People v Polle, 9 NY2d 349.) The effect, then, is that whatever the intent or belief of the officers, no oath was administered.
Unlike the flexibility allowed in the form and administration of the oath, none exists in the requirement that the application be, in fact, under oath.
The motion to suppress all evidence seized pursuant to the warrant and any other evidence derivatively seized is hereby granted upon the ground the warrant application was not under oath. All other motions to suppress the evidence seized are denied as moot. Any noncontraband property seized shall be returned forthwith.