OPINION OF THE COURT
Stephen M. Behar, J.
Defendant is charged in a misdemeanor information with operating a motor vehicle while in an intoxicated condition on Main Street, Smithtown, New York, on September 3, 1996 at *478 3:00 a.m. Originally, the defendant was also charged with two traffic infractions of failing to stop for steady red lights.[1]
Defendant’s counsel served a notice of appearance and a discovery demand on September 16, 1996. A response was proffered by the People on October 3, 1996.
On September 9, 1998 defendant moved to dismiss the charges, alleging that the People had failed to supply supporting depositions. The People opposed and the defendant replied. The court, Duffy, J., presiding, by order dated February 3, 1999, denied the motion as to the driving while intoxicated charge and granted the motion as to the failing to stop at red light charges.
On March 11, 1999 a hearing was held on defendant’s, apparently, oral motion to dismiss upon the lack of probable cause to stop and arrest the defendant. On March 15, 1999 defendant’s motion was denied in all respects by oral decision, Duffy, J., presiding.
On July 26, 1999, defendant moved to dismiss “in the interest of justice” pursuant to CPL 170.40. The People opposed, defendant replied, and the motion was submitted on September 9, 1999. On September 10, 1999 the court, Duffy, J., presiding, denied the motion, setting the case for trial on November 16, 1999.
Upon Judge Duffy’s incapacity, the case was referred to this court for trial. On April 11, 2000, defendant served the instant motion claiming that “the Court lacks jurisdiction in that the jurisdictional documents were improperly executed and/or (were) otherwise deficient.” The People’s June 1, 2000 opposition consisted of a three-page affidavit by añ Assistant District Attorney. Defendant submitted a reply affirmation on June 8, 2000.
The defendant "contends that the misdemeanor information is defective as it was not properly “sworn to” by the police officer who drew the instrument. The information was signed by a police officer and a jurat at the foot thereof noted that it was, “sworn to before” a police sergeant. Defendant now moves to dismiss the information alleging that “the complaining officer did not swear to the * * * information * * * before the official administering the oath.”
In support of this latest motion defendant offers the transcript of the “probable cause” hearing that was held before Judge Duffy on March 11, 1999. At that hearing, during cross- *479 examination of the arresting police officer, defense counsel introduced a copy of a uniform traffic ticket. Defense counsel then asked the officer if the uniform traffic ticket was “the Simplified Traffic Information which you issued charging the defendant * * * with Driving While Intoxicated in violation of 1192.3 of the Vehicle and Traffic Law”? The officer answered affirmatively.[2]
Defense counsel then questioned the arresting police officer about his execution of other documents, including a breathalyzer refusal report and “arrest paperwork.” (Transcript, Mar. 11, 1999 hearing, at 36-38.) Defense counsel elicited testimony that the arresting officer “filled out” and signed the paperwork while in one room of the precinct house and then submitted the paperwork to a desk sergeant, in another room, immediately before leaving the precinct. (Ibid.)
Defense counsel never specifically asked the arresting officer when and where he had signed the “long form” misdemeanor information. Nor was there inquiry as to whether or not the officer had actually sworn to that instrument before an “official administering the oath.” The People also never made such inquiry.
Unfortunately, in opposing this motion, the People were either unwilling or unable to provide an affidavit from the arresting police officer or from the sergeant who allegedly administered the oath. Instead, the Assistant District Attorney’s opposing affidavit all but conceded the defendant’s assertions of the facts; arguing instead that the arresting police officer, “appreciated the significance of his actions, and that he was swearing that the documents were true by signing them and turning them over to the Desk Sergeant.” (Undated affidavit of Assistant District Attorney Craig R. Hayes, served June 1, 2000, H 8.)
This court must grant defendant’s motion. CPL 100.30 (1) (b) expressly states that an information may be verified where it is “sworn to before a desk officer in charge at a police station or *480 police headquarters or any of his superior officers.” There is no challenge to defendant’s contention that the complainant police officer did not swear to the information before a desk officer as required by CPL 100.30. Moreover, case law suggests that although it is not necessary for the complainant to raise his hand and orally recite the oath, the complainant must still read and sign the accusatory instrument in front of the desk officer in charge, in order to constitute a proper and valid verification (People v Holmes, 93 NY2d 889). Where, as here, the complainant police officer failed to sign the instrument in the presence of the desk sergeant, the court is constrained to conclude that the information is not properly verified in accordance with statute and must be dismissed (People v Scott, 3 NY2d 148; People v Minuto, 71 Misc 2d 800).

. These charges were later dismissed.

. A search of the court file indicates that this initial answer was incorrect and that attorneys representing both sides should have been aware of that error. In the court’s memorandum decision on the defendant’s motion to dismiss for the alleged failure to supply supporting depositions, the court specifically found that the driving while intoxicated charge was “contained in a misdemeanor information * * * The additional ‘simplified traffic information’ (was) not an accusatory instrument at all. It (was) merely the appearance ticket for the driving while intoxicated charge contained in the misdemeanor information.” (Page 1 of mem attached to Feb. 3, 1999 order of Judge Duffy, People v Ryan, index No. 27559-96.)