■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN N. WOODRING, Appellant. [864 NYS2d 644]—Appeal from a judgment of the Allegany County Court (John L. Michalski, J.), rendered May 21, 2007. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree and possession of burglar's tools.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of burglary in the third degree (Penal Law § 140.20) and possession of burglar's tools (§ 140.35), defendant contends that his written statement to the police was involuntary and that County Court therefore erred in refusing to suppress it. We reject that contention. The record establishes that defendant was advised of his *Miranda* rights before he was questioned and signed a written waiver of those rights immediately before signing the statement. We thus perceive no basis to disturb the suppression court's determination (*see People v LaDuke,* 206 AD2d 859, 860 [1994]; *see generally People v Alexander,* 51 AD3d 1380, 1381 [2008]).

Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). "The jury was entitled to resolve issues of credibility in favor of the People" (*People v Walek,* 28 AD3d 1246, 1246 [2006], *lv denied* 7 NY3d 764 [2006]), and it cannot be said that the jury "failed to give the evidence the weight it should be accorded" (*Bleakley,* 69 NY2d at 495; *see generally People v Danielson,* 9 NY3d 342, 348-349 [2007]). Present—Martoche, J.P., Lunn, Fahey and Pine, JJ.