OPINION OF THE COURT
Joseph L. Latwin, J.
Defendant is charged with two counts of criminal possession of a forged instrument in the second degree in violation of Penal Law § 170.25. The felony complaint alleges that the defendant possessed a forged prescription from a doctor for another person for 240 tablets of roxicodone. The defendant was released on her own recognizance and five months later asked for a felony hearing pursuant to CPL article 180.
At the felony hearing, the People offered the testimony of a CVS pharmacy technician who identified the defendant and testified that the defendant submitted the prescription to be filled. The People also offered a document to which the defendant objected and is at the heart of this matter.
The document is entitled, “Affidavit of a forged instrument,” and purports to be signed by the doctor whose prescription was in defendant’s possession. The document has the caption of the case, and the venue, to wit, “State of New York} County of Westchester} ss.:” followed by the doctor’s name. It reads thereafter, “being duly sworn, deposes and says:” then recites the doctor’s residence, that he examined the prescription, that his signature was not on it and was not authorized and that the prescription was a forgery. It is dated and signed. There is a jurat in which the day, month and year are filled in and below that a signature claimed to be of a police detective. The defense objected to the introduction of this document as hearsay. The People answered that it was hearsay that was admissible by reason of CPL 180.60 (8). That section says,
“Upon such a hearing, only non-hearsay evidence is admissible to demonstrate reasonable cause to believe that the defendant committed a felony; except that reports of experts and technicians in professional and scientific fields and sworn state *422 ments of the kinds specified in subdivisions two and three of section 190.30 are admissible to the same extent as in a grand jury proceeding, unless the court determines, upon application of the defendant, that such hearsay evidence is, under the particular circumstances of the case, not sufficiently reliable, in which case the court shall require that the witness testify in person and be subject to cross-examination.”
CPL 190.30 (3) says, in relevant part,
“A written or oral statement, under oath, by a person attesting to one or more of the following matters may be received in such grand jury proceeding as evidence of the facts stated therein: . . .
“(f) that person’s identity as an ostensible maker, drafter, drawer, endorser or other signator of a written instrument and its falsity within the meaning of section 170.00 of the penal law . . . .”
Thus, to be admissible under CPL 180.60 (8) and 190.30 (3) (f), the sine qua non of the statement is that it be under oath.
What is an Oath
“Oath” is defined in CPL 1.20 (38) to include “an affirmation and every other mode authorized by law of attesting to the truth of that which is stated.” (See also General Construction Law § 36; Penal Law § 210.00.) The purpose of requiring a statement to be under oath is to deter the bringing of baseless prosecutions by demanding that criminal proceedings be underpinned by the sanction of an oath and subject to the penalty of perjury if willfully false. (People v Pierre, 157 Misc 2d 812 [Crim Ct, NY County 1993]; People v Flushing Hosp. & Med. Ctr., 122 Misc 2d 260 [Crim Ct, Queens County 1983].) Thus a means of testing whether a statement is under oath is to measure if it would be subject to a perjury charge if it was wilfully false. Perjury is committed by false testimony only when the oath is administered by a person with authority to do so, and in a proceeding that is authorized and proper. However, the Legislature has explicitly provided that it is not a defense to perjury that the oath was administered in an irregular manner, or that the authority or jurisdiction of the attesting officer who administered the oath was defective, “if such defect was excusable under any statute or law.” (See Penal Law § 210.30 [3] [“It is no defense to a prosecution for perjury that . . . (t)he oath was administered or taken in an irregular manner or that the authority or jurisdiction of the attesting officer who adminis *423 tered the oath was defective, if such defect was excusable under any statute or rule of law”].) Here, the court knows of no statute or rule of law, nor have the parties cited any, that would excuse the defects in the document at issue here.
Who May Administer an Oath
Penal Law § 210.00 (6) defines “[attesting officer” as any notary public or other person authorized by law to administer oaths in connection with affidavits, depositions and other subscribed written instruments, and to certify that the subscriber of such an instrument has appeared before him and has sworn to the truth of the contents thereof. CPLR 2309 (a) specifies the persons authorized to administer oaths. Oaths may be administered by (a) any person authorized to take acknowledgments of deeds by the Real Property Law; or (b) any person authorized by the laws of this State to receive evidence administering an oath or affirmation for that purpose; or (c) a clerk of court and his deputies administering an oath to a juror or jurors. Under Real Property Law § 298, an acknowledgment may be taken: (a) within the state before a justice of the supreme court; an official examiner of title; an official referee; or a notary public; or (b) within the district wherein such officer is authorized to perform official duties, before a judge or clerk of any court of record; a commissioner of deeds outside of the City of New York, or a commissioner of deeds of the City of New York within the five counties comprising the City of New York; the mayor or recorder of a city; a surrogate, special surrogate, or special county judge; or the county clerk or other recording officer of a county; or (c) before a justice of the peace, town councilman, village police justice or a judge of any court of inferior local jurisdiction, anywhere within the county containing the town, village or city in which he is authorized to perform official duties. A police officer is not among those permitted to administer an oath.[1] (Matter of Kaufman, 183 Misc 2d 581 [Fam Ct, Seneca County 2000].) Even when police officers are authorized to administer oaths, formalities must be observed. An information charging a defendant with a misdemeanor was defective where the complainant police officer filled out and signed the information in one room of the precinct house before submitting the information to *424 the desk sergeant, and thus did not swear to the information before the official administering the oath. (People v Ryan, 185 Misc 2d 477 [Suffolk Dist Ct 2000].)
Complicating this situation is the ability of a physician to use an affirmation instead of an affidavit. CPLR 2106 permits the statement of a physician, authorized by law to practice in the state, who is not a party to an action, when subscribed and affirmed by him to be true under the penalties of perjury, to be served or filed in lieu of and with the same force and effect as an affidavit. In the case of such an affirmation, no third party is necessary to administer an oath.
What Form of Oath is Required
The form of an oath taken by witness is flexible and is deemed sufficient so long as it is calculated to awaken the conscience and impress the mind of the person taking it in accordance with his or her religious or ethical beliefs. (CPLR 2309 [b]; People v Wilson, 255 AD2d 612 [3d Dept 1998], lv denied 93 NY2d 981 [1999].)
An affidavit consists of several formal parts, the title, the venue, the formal opening, the signature of the affiant, and the jurat, as well as the statement of facts to be sworn to. The document here contains the title, the venue, the formal opening, and is signed by the affiant. It says the affiant was duly sworn and deposes and says the stated facts. An unsworn declaration neither made under penalty of perjury nor stating that the document is true is not an “affidavit.” (Lamberti v United States, 22 F Supp 2d 60, 71 [SD NY 1998], affd 201 F3d 430 [2d Cir 1999].) The jurat is defined by Penal Law § 210.00 (7) as a clause wherein an attesting officer certifies, among other things, that the subscriber has appeared before him or her and sworn to the truth of the contents. It is simply evidence of the fact that the oath was properly taken before a duly authorized officer. Here, the jurat is defective since: (1) it was not made by a duly authorized officer, and (2) the name of the person before whom it was sworn is not printed beneath the signature. (CPLR 2101 [a].)
However, the oath requirement is met, whatever the form of the oath adopted, if the oath is taken in the presence of an officer authorized to administer it, and it must be an unequivocal and present act by which the affiant consciously takes upon himself the obligation of an oath. (People v Lyon, 82 AD2d 516, 529 [2d Dept 1981].) There is no requirement that the deponent actually verbalize an intention to swear or any sort of oath. It is sufficient for a deponent to read and sign the instrument in *425 front of the officer, appreciating the significance of his actions. (People v Holmes, 93 NY2d 889 [1999].) To constitute a valid oath, there must be some outward formality, some manifestation of intent to place the affiant under the penalty and obligation of an oath, and some evidence that the affiant was conscious that he was taking an oath. (People v Dutcher, 38 Misc 2d 37 [Ulster County Ct 1963].) This document presents no such circumstances.
The oath requirement could have been met by using the form of an affirmation — “ ‘X,’ being duly licensed to practice medicine in this state, affirms the following under the penalties of perjury,” or a properly executed affidavit taken before an authorized officer, or containing the language under Penal Law § 210.45 — a written instrument bearing a notice to the effect that false statements made therein are punishable by penalties of perjury. This document does not qualify as any of those.
“As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof.” (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998].) “[W]here the language of a statute is clear and unambiguous, courts must give effect to its plain meaning” (Pultz v Economakis, 10 NY3d 542, 547 [2008].) Here, the language of CPL 190.30 requiring a statement to be under oath to be admissible hearsay is clear and unambiguous. A court cannot by implication supply in a statute a provision that is reasonable to suppose the Legislature might have intended in a particular situation — such as the lack of the police officer’s authority to administer an oath, or the omission of the Penal Law § 210.45 language. When it is urged that a particular statute should be construed to cover a matter not expressly mentioned in the act, the courts frequently assert that, if the Legislature had intended the statute to include the matter in question, it would have been easy for the Legislature to have said so and to have expressly included it. The court reasons that the failure of the Legislature to include the matter within the scope of the act indicates that its exclusion was intended, and the court refuses to insert the matter in the statute on the ground that it has no power to make such judicial legislation.
Accordingly, the document is hearsay and not within the exceptions set forth in CPL 190.30. Without the admission of the document, the People cannot provide reasonable cause to believe the prescription was forged. Therefore, since there is not *426 reasonable cause to believe that the defendant committed any offense, the court must dismiss the felony complaint. As the defendant was neither in custody nor at liberty on bail, no further action is required.
The court recognizes that this dismissal may result in a Pyrrhic[2] victory for the defendant as the People may re-file the charges and easily remedy the, what may seem to some casual observers, trivial and remediable defects in the document. The court is not here to provide shortcuts or fixes for the failure to strictly adhere to the laws enacted by the Legislature — it is here to follow those laws and provide due process for those who come before it. If there are fixes to be made, they should be addressed by the Legislature, which can easily permit police officers to administer oaths in connection with felony hearings, or through the effort to re-file the charges.

. Police officers are authorized to administer oaths for certain limited purposes not relevant here. (See CPL 100.30 [1] [b] [concerning informations, misdemeanor and felony complaints, and supporting depositions]; Vehicle and Traffic Law § 208 [concerning oaths in connection with Vehicle and Traffic Law violations].)

. Plutarch, Life of Pyrrhus; see also Charles James Fox after the Battle of Guilford Courthouse (“Another such victory would ruin the British Army!”).