OPINION OF THE COURT
Francois A. Rivera, J.
Background
On July 10, 2015, the Taylors commenced the instant action for a declaratory judgment and equitable relief by filing a summons, verified complaint and notice of pendency with the Kings County Clerk’s Office.
The verified complaint alleges the following salient facts among others. In 2008, the Taylors purchased certain real property located at 866 Clarkson Avenue, Brooklyn, New York, block No. 4638, lot 6 from Emmanuel Fashakin for $625,000. At the closing Emmanuel Fashakin executed a deed transferring his interest in the subject property to the Taylors. On July 17, 2008, the deed was recorded in the New York City Register’s Office.
Thereafter, the Taylors learned the following salient facts. Defendant Janet Fashakin had been married to Emmanuel Fashakin. On July 2, 2010, Janet Fashakin was granted a judgment of divorce by the Nassau County Supreme Court under index No. 202010/06 (hereinafter the divorce action). The Tay-lors were neither parties nor participants in the divorce action. Justice Norman Janowitz presided over a trial in the divorce action and issued a decision after trial dated December 17, 2012. The Taylors recently became aware that on December 11, 2013, Janet Fashakin, in her purported capacity as court appointed receiver over certain assets of Emmanuel Fashakin, recorded a “Receiver’s Deed” with the New York City Register. By the terms of the “Receiver’s Deed” all right, title and interest in the subject property was purportedly transferred from Janet Fashakin, as the court appointed receiver in the divorce action, to Janet Fashakin, individually.
The verified complaint alleges 37 allegations of fact in support of two causes of action. The first cause of action seeks a judgment under article 15 of the RPAPL, declaring that: (1) the *1175 Taylors are the sole fee owners of the subject property as of July 2, 2008; (2) Janet Fashakin has no right, title or interest in the subject property, either individually or as court appointed receiver; and (3) that the portion of the “Decision After Trial” signed on December 17, 2012 in the matrimonial action between Emmanuel Fashakin and Janet Fashakin, filed in the Supreme Court of New York, for the County of Nassau under index No. 202010/06, authorizing Janet Fashakin to act as the receiver of the property and to sell same to satisfy moneys due her is void and unenforceable. The second cause of action seeks an order pursuant to article 9 of the Real Property Law directing the New York City Register to cancel and expunge the aforementioned “Referee’s Deed” used by Janet Fashakin to transfer title to the subject property to herself.
Law and Application
CPLR 2214 requires that a movant set forth the facts, the proffered evidence and the law relied upon for the relief it is requesting. Janet Fashakin has moved pursuant to CPLR 3211 (a) (2), (4), (7) and (10) for an order dismissing the instant action pre-answer. Janet Fashakin’s motion papers consist of a notice of motion, a memorandum of law in support of the motion and six annexed exhibits. The instant motion is unsupported by any testimony from anyone with personal knowledge of the facts that it relies upon. Nor are there any sworn allegations of fact from anyone with personal knowledge explaining what the six documents annexed to the motion are purported to be.
Although the memorandum of law in support of the motion is signed by Janet Fashakin before a notary public, it is not an affidavit. The memorandum of law does not state that the facts alleged in the document are sworn under penalty of perjury or that the document is true. An unsworn declaration neither made under penalty of perjury nor stating that the document is true is not an “affidavit.” (People v Penaflorida, 34 Misc 3d 420 [Rye City Ct 2011], citing Lamberti v United States, 22 F Supp 2d 60 [SD NY 1998].)
Inasmuch as the facts and documents proffered to support the instant motion are not admitted under oath by anyone with personal knowledge, the instant motion fails to comply with the minimal requirements of CPLR 2214. It is therefore denied without prejudice.
*1176 Conclusion
Janet Fashakin’s motion for an order dismissing the complaint of Leroy Taylor and Gloria Taylor pursuant to CPLR 3211 (a) (2), (4), (7) and (10) is denied.