■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD RAPHAEL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered March 18, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at the trial was legally sufficient to permit a rational trier of fact to find that the defendant acted in concert with his codefendant and possessed the requisite intent to commit a robbery *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Barnes,* 50 NY2d 375). The mere fact that the evidence is subject to an interpretation different from that found by the jury does not mean the People failed to prove their case beyond a reasonable doubt *(see, People v Gerard,* 50 NY2d 392, *rearg denied* 51 NY2d 770).

The defendant and his codefendant followed the victims from a check-cashing establishment through the streets of Brooklyn until they reached an opportune location to commit a robbery. The defendant drew a gun and told the victims not to move. The fact that the defendant chased after the victim who fled and was not present when his codefendant completed the robbery by taking money from the other victim, did not relieve him of his accessorial liability *(see,* Penal Law § 20.00).

The defendant's contention that he did not share in his codefendant's intent to commit a robbery, but intended only to menace or assault the victim who fled, while a possible interpretation, was apparently discredited by the jury. We find no reason to disturb its verdict.

We also find that the court properly denied the defendant's request for a circumstantial evidence charge. This charge is required only where proof of guilt depends entirely upon circumstantial evidence *(People v Ruiz,* 52 NY2d 929). The testimony of the robbery victim provided direct evidence that the defendant participated in the crime. Thus, the charge was unnecessary.

We find the court's supplemental charge relating to acting in concert was proper. It was responsive to the jury's question and the charge as a whole was not prejudicial to the defendant *(see, People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847). Niehoff, J. P., Eiber, Kunzeman and Harwood, JJ., concur.