■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CYNTHIA VITANZA, Also Known as CYNTHIA ORDINE, Appellant.—Harvey, J. Appeals (1) from a judgment of the County Court of Columbia County (Leaman, J.), rendered February 21, 1989, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered February 2, 1990, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was indicted with her husband in February 1988 on one count of criminal sale of a controlled substance in the third degree. Defendant was charged with selling cocaine, in concert with her husband, to a Capital District Drug Enforcement Task Force informant, Wayne Foley, in her home on January 6, 1988. Following a joint trial, defendant and her husband were both convicted of the charged crime, and defendant was sentenced to 1⅓ to 6 years' imprisonment. Defendant's postjudgment motion to vacate was denied without a hearing, and these appeals ensued.

Initially, defendant contends that the evidence adduced at trial does not support the verdict. We disagree. At trial, Foley testified that he went to the home that defendant shared with her husband with a tape recorder and microphone secreted on his person. Foley went there for the purpose of purchasing cocaine. He was admitted to the house by defendant, with whom he briefly conversed before proceeding to the master bedroom with defendant's husband. There, the cocaine sale took place and Foley gave defendant's husband $500. Foley testified that defendant's husband asked Foley to get a plastic bag in which to put the cocaine from defendant, who was in the kitchen. Defendant helped Foley. She first gave him a plastic bag that was too large and Foley joked about it, saying that he wished he needed one that large. Defendant then gave Foley another bag saying, "Try this one, it's better. They ziplock." Foley then returned to the bedroom, leaving the door open. It was then discovered that the bag was defective. Foley testified that he was going to get another bag, but defendant

brought one in after Foley indicated that he needed another one. Foley stated that defendant came into the bedroom with the bag but said nothing. Following the completion of the transaction, Foley left defendant's house and turned the cocaine over to the waiting authorities. The record indicates that a $500 cash deposit was made to the couple's joint account by defendant's husband the day after the transaction.

Viewing this evidence in the light most favorable to the People, as we must (see, People v Contes, 60 NY2d 620, 621; People v Christopher, 161 AD2d 896, lv denied 76 NY2d 786), we find that it sufficiently supports the jury's finding that defendant was guilty of aiding and abetting her husband's $500 sale of one quarter of an ounce of cocaine. Although defendant alleges that she was innocently at the scene of the sale and shared no intent with her husband for the sale to be consummated, the People's evidence establishes that defendant actively assisted the sale by providing the medium for packaging it and then later coming into the bedroom with the second plastic bag to further facilitate the ongoing transaction that was taking place at that time.

Defendant vigorously contends, however, that Foley's testimony is unworthy of belief, and she claims that the tape recording of the sale contradicts Foley's testimony on crucial facts. Neither of these contentions has merit. Questions of credibility are for the jury to resolve (see, People v Wells, 159 AD2d 799; People v Kinsman, 144 AD2d 772, lv denied 73 NY2d 1017) and, on an appeal from a guilty verdict, it must be presumed that the jury credited the People's witnesses (see, People v Lewis, 165 AD2d 901). Moreover, contrary to defendant's arguments, the tape recording of the transaction does not contradict Foley's statement that defendant was present in the room where the cocaine was being packaged for sale. Just because defendant's voice is not heard on the tape does not establish that she was not present.

Next, we conclude that County Court did not err by denying, without a hearing, defendant's posttrial motion to vacate the judgment on the ground that, inter alia, defendant allegedly lacked the mental capacity to participate in the proceedings. Defendant claimed that purported newly discovered evidence indicated that defendant suffered from the "battered women's syndrome" and personality disorders. As noted by the People, there was nothing in defendant's behavior prior to trial that would have alerted County Court to inquire as to defendant's mental capacity (see, e.g., People v Arnold, 113 AD2d 101). Although the presentence report described defen-

dant as "emotionally fragile and potentially depressed", we believe that this description would not differ from that given any other recently convicted felon. Moreover, as pointed out by the court, defendant's candid and forthcoming manner when interviewed by psychiatrists after her convictions was "inconsistent with the psychological bondage and distortion sought to be attributed to her * * * as well as her claimed inability to understand or participate in the proceedings against her". Accordingly, for these and other reasons, the denial of the motion without a hearing was within the court's discretion (see, CPL 440.30 [4]). As for defendant's argument that the existence of her mental condition was newly discovered evidence, upon review of all evidence submitted, we are not persuaded that this potential defense could not have been discovered prior to trial with the exercise of due diligence (see, CPL 440.10 [1] [g]; *People v Civitello,* 152 AD2d 812, *lv denied* 74 NY2d 947).

Defendant's remaining arguments on appeal have been examined and found to be without merit. Defendant waived the right to request an agency charge by failing to raise this defense at trial and, therefore, failed to preserve the issue for appellate review (see, CPL 470.05 [2]; *People v Dixon,* 129 AD2d 993, *lv denied* 69 NY2d 1003). County Court's refusal to give a circumstantial evidence charge was not erroneous because the People established defendant's guilt by direct as well as circumstantial evidence at trial (see, *People v Samuel,* 138 AD2d 543, 544).

Judgment and order affirmed. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.