■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL TAXIARHOPOULOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered July 25, 1989, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and his companion approached a livery taxicab and repeatedly demanded that the driver give them a ride. The driver explained he had a scheduled pickup which precluded him from taking them as passengers. In addition, the driver pointed out that there were yellow taxicabs available at the location. Nevertheless, the defendant and his companion insisted that the driver give them a ride. Intermittently, the defendant and his companion conversed between themselves in a language the complainant driver did not understand. The defendant grabbed and held the driver, who was standing next to the vehicle. His companion then jumped into the car and sped off and the defendant fled the scene.

Viewing the evidence in a light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction. The evidence established that the defendant intentionally aided his compan-

ion in stealing the livery taxicab. While the fact that the defendant shared his companion's intent to steal the cab must be inferred from the surrounding circumstances, we find that the evidence was legally sufficient to support an inference of guilt. The mere fact that the evidence is subject to an interpretation different from that found by the jury does not mean the People failed to prove their case beyond a reasonable doubt (see, People v Raphael, 134 AD2d 535). Further, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We reject the defendant's contention that because his shared intent was established solely through circumstantial evidence, the court erred in failing to give a circumstantial evidence charge. There was both direct and circumstantial evidence of the defendant's involvement in the robbery so that no circumstantial evidence charge was required, even in the absence of direct evidence of the defendant's intent (see, People v Gerard, 50 NY2d 392, 398 [scienter]; People v Barnes, 50 NY2d 375, 379-380 [intent]; People v Von Werne, 41 NY2d 584, 590 [knowledge]; see also, People v Vitanza, 167 AD2d 763; People v Raphael, supra). People v Tsotselashvili (135 AD2d 759), upon which the defendant relies, is distinguishable from the instant situation. In that case, the only evidence of defendant's complicity in the robbery of a cab driver by his companion was his presence and subsequent action which may have suggested a consciousness of guilt. Here there was direct evidence of the defendant's active involvement, at the time the crime was committed (see, People v Vitanza, supra; People v Raphael, supra).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Brown, Kunzeman and Balletta, JJ., concur.