■ The People of the State of New York, Respondent, v James Garner, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of seven counts of sodomy in the first degree, seven counts of rape in the first degree, criminal possession of a weapon in the second degree, criminal use of a firearm in the first degree, assault in the second degree, and resisting arrest. The convictions arise from three separate incidents of gang-rape and sodomy of three young women in the City of Buffalo.

We reject defendant's argument that County Court's *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371) deprived him of his right to a fair trial. The record reflects that the court excluded a number of prior convictions dating back to 1981. The convictions on which the court allowed defendant to be cross-examined, particularly the attempted aggravated assault on a police officer, indicate defendant's willingness to place his own interests above those of society, and thus his possible willingness to do so again on the witness stand *(see, People v Sandoval, supra,* at 377; *see also, People v Bennette,* 56 NY2d 142, 148).

Defendant contends that the evidence was insufficient to support his conviction for criminal possession of a weapon in the second degree because the People did not prove beyond a reasonable doubt that the shotgun was loaded with live am-

munition. At trial, defendant stipulated to the operability of the firearm. The stipulation does not cover the ammunition; nevertheless, viewing the evidence in the light most favorable to the People, we conclude that the stipulation, coupled with the police officer's uncontradicted testimony that the ammunition was "live", was sufficient (see, People v Cavines, 70 NY2d 882, 883; People v Totten, 161 AD2d 678; People v Lugo, 161 AD2d 122, 123, lv denied 76 NY2d 860; People v Maeweather, 159 AD2d 1008, lv denied 76 NY2d 738).

We further conclude that the evidence was sufficient to support defendant's conviction for rape in the first degree as an accessory to Jason Stancil under count eight of the indictment. The evidence established that defendant was one of the men who held a gun on the victim while she was raped and sodomized by several other men. Although the record indicates that defendant left at some point to obtain drugs, the victim testified that he returned by the time Jason Stancil raped her. The fact that defendant was not physically present during the entire time when Stancil was raping the victim does not relieve him of accessorial liability (see, People v Raphael, 134 AD2d 535, lv denied 70 NY2d 1010, 71 NY2d 901). Defendant's conduct prior to, during and after the rape sufficiently establish his liability as an accessory (see, Penal Law § 20.00).

Defendant contends that his sentence for criminal possession of a weapon in the second degree (Penal Law § 265.03) is unlawful. We agree. The maximum sentence for a class C felony as a second violent felony offender is an indeterminate term of 7½ to 15 years (see, Penal Law § 70.04 [3] [b]; [4]). Thus, the sentencing court erred in imposing a greater sentence. As the People note, however, the certificate of conviction properly lists defendant's sentence on that conviction as 7½ to 15 years. Since that error has been corrected in the certificate of conviction, there is no need for any remedial action by this Court.

In view of the heinous nature of the crimes, the sentencing court did not abuse its discretion in imposing the maximum permissible sentence. (Appeal from Judgment of Erie County Court, D'Amico, J.—Sodomy, 1st Degree.) Present—Callahan, J. P., Boomer, Green, Lawton and Boehm, JJ.