■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALIK HOLMES, Also Known as MARK HOLMES, Appellant. [612 NYS2d 153] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered July 23, 1990, which convicted defendant, after a trial by jury, of attempted murder in the second degree and criminally negligent homicide, and sentenced him, as a second felony offender, to concurrent terms of imprisonment of 10 to 20 years and 2 to 4 years, respectively, unanimously affirmed.

Initially, defendant contends that the evidence adduced at trial does not support the verdict. We disagree. The evidence showed that defendant was part of a group of men who converged on Jeffery Spence at a Bronx nightclub and engaged him in a heated discussion concerning a car accident. After one of the men said, "Let's get it over and done with," several of them approached Spence, including defendant, who had a gun in each hand. Gunfire broke out and, when it

stopped, Spence and a young woman who had been dancing lay wounded, and a young man who had been sitting at the bar was dead. Ballistic tests showed that from 2 to 6 weapons were responsible for the carnage and that none of the shots that struck the bystanders came from Spence's gun.

We find that this evidence was sufficient to support the jury's finding that defendant was a participant in the attempt on Spence's life and that the verdict was not against the weight of the evidence. Defendant's contention that he drew his weapons in fear for his safety when it became apparent that Spence had a weapon in his pocket was properly rejected by the jury, particularly in light of the evidence that one of the other men had immediately drawn his gun and stuck it in Spence's side as soon as Spence reached in his pocket.

Defendant also argues that the court should have charged the jury on the prosecution's burden in a circumstantial evidence case, i.e., that, in order to support a guilty verdict, the evidence had to exclude to a moral certainty every reasonable hypothesis of innocence.

First, we find that this argument was clearly preserved as a matter of law by counsel's oral request for such a charge during a charge conference.

However, we find that the court did not err in failing to give the charge. A circumstantial evidence charge need be given in addition to a standard reasonable doubt charge only in a case in which all the elements of the crime are established by circumstantial evidence *(People v Barnes,* 50 NY2d 375, 380; *People v Gerard,* 50 NY2d 392, 397-398). In this case we find that, contrary to defendant's argument, the fact that the proof that defendant shared the intent to kill, a necessary element to his conviction for attempted murder, had to be inferred from the circumstances, did not make this a completely circumstantial case. Indeed, intent almost invariably must be inferred from circumstantial evidence.

Defendant, however, argues that, as there was also no direct evidence that he actually fired his weapons, the case against him was, as a result, purely circumstantial. However, the eyewitness testimony that defendant held 2 guns on the potential victim immediately prior to and during the attack was clearly direct evidence that he aided those who did the actual shooting. Proof by direct evidence that defendant aided the actual shooter, a necessary element of the crime as charged, was sufficient to obviate the necessity of a circumstantial evidence charge *(see, People v Taxiarhopoulos,* 172

AD2d 783, *lv denied* 78 NY2d 975; *People v Vitanza,* 167 AD2d 763, *lv denied* 77 NY2d 845). Thus, this case is distinguishable from those cases cited by defendant *(see, People v Slaughter,* 83 AD2d 857, *affd* 56 NY2d 993; *see also, People v Summerset,* 100 AD2d 947), in which there was not only no direct evidence of shared intent, but also no direct evidence that the defendant actually did anything to aid the primary actor. Thus, since this was not a purely circumstantial case, the court did not err in refusing to deliver the suggested charge.

We have examined defendant's remaining contentions, which were not preserved for review, and find that they do not warrant review in the interest of justice. Concur—Sullivan, J. P., Rosenberger, Ellerin and Rubin, JJ.