■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RINALDO CLARK, Also Known as RONALD CLARK, Appellant. [634 NYS2d 714] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered June 23, 1993, convicting him of rape in the first degree (two counts), sodomy in the first degree (seven counts), sexual abuse in the first degree, assault in the second degree, unlawful imprisonment in the first degree, unlawful imprisonment in the second degree, assault in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the afternoon of March 28, 1991, the defendant invited the complainant to come from Manhattan to his brother's apartment in Queens. Shortly after she arrived, the defendant, his codefendant brother, an unapprehended male, and a codefendant female assaulted the complainant and engaged in several acts of rape, anal, and oral sodomy, and sexual abuse that lasted for a period of several hours. While his brother was committing anal sodomy, the defendant put his penis in the complainant's mouth, while the unapprehended assailant took pictures and the female held a gun and threatened to kill the complainant. The defendant then took the complainant to his room saying he would help her, and, instead, raped her. He then let his brother in the room, and, again, while the brother committed anal sodomy, the defendant placed his penis in the complainant's mouth.

The issue of the legal sufficiency of the evidence with regard to the defendant's convictions of rape in the first degree and sodomy in the first degree under counts 2, 5, and 9 of the indictment, is not preserved for appellate review *(see,* CPL 470.05 [2]). In any event, as to these counts of the indictment, and counts 1, 4, 7, 8, 10, 11, and 12 under which the defendant was convicted as an accomplice, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). There was ample testimony from which the jury could have concluded that the defendant committed the rape and the two acts of sodomy with which he was charged and that, with the necessary mental culpability, he aided the other principals in engaging in the other acts of rape, sodomy, and sexual abuse *(see,* Penal Law § 20.00; *People v Garner,* 190 AD2d 994; *People v Robinson,* 159 AD2d 735).

To the extent this issue is preserved for appellate review, it was not error for the police officers to testify as to what the complainant told them *(see, People v McDaniel,* 81 NY2d 10). Although it was error to allow the treating doctor, during redirect examination, to recite verbatim the victim's complaints to him, the error was harmless, in light of the overwhelming evidence of guilt and the fact that the defense counsel had already adduced testimony on cross-examination that the victim had complained of sexual abuse and rape *(see, People v Crimmins,* 36 NY2d 230; *People v Knapp,* 139 AD2d 931).

Although the prosecutor's remarks on summation vouched for the credibility of the complaining witness and the People's investigation, these remarks were fair comment on the defense counsel's summation remarks casting aspersions on the credibility of the complainant and the quality of the investigation *(see, People v Long,* 205 AD2d 804; *People v Stephens,* 161 AD2d 740).

Under the circumstances of this case, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]), or without merit. Bracken, J. P., Joy, Friedmann and Florio, JJ., concur.