■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY DEJESUS, Appellant. [682 NYS2d 33] —Judgment, Supreme Court, New York County (Howard Bell, J.), rendered June 11, 1993, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 23 years to life, unanimously affirmed.

Defendant's request for a charge on the evaluation of a wholly circumstantial case was properly denied. The evidence of defendant's guilt as an accomplice was both direct and circumstantial, a situation which eliminates any necessity for a circumstantial evidence charge (*People v Roldan*, 211 AD2d 366, 370, *affd* 88 NY2d 826; *People v Holmes*, 204 AD2d 243, *lv denied* 84 NY2d 868). In any event, we note the overwhelming evidence of defendant's guilt (*see, People v Brian*, 84 NY2d 887). Concur—Rosenberger, J. P., Wallach, Rubin and Saxe, JJ.

■ STEVEN MINICHIELLO, Respondent, v SUPPER CLUB et al., Appellants, et al., Defendant. [680 NYS2d 850] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered March 13, 1998, which, to the extent appealed from, denied defendants' motion seeking, *inter alia*, the imposition of sanctions and attorneys' fees based on the allegedly frivolous conduct of plaintiff's counsel and to disqualify plaintiff's counsel from the case, unanimously affirmed, with costs.

The IAS Court did not improvidently exercise its discretion by denying defendants' request for sanctions and attorneys' fees, since there was a basis in the record for the plaintiff's initial motion seeking disqualification of defendants' counsel, and since the record did not indicate that plaintiff's counsel knew or should have known that the allegations underlying his disqualification motion were false (*see, Golden v Barker*, 223 AD2d 769, 770). Accordingly, the court also properly declined defendants' request to remove plaintiff's counsel from the case. Concur—Rosenberger, J. P., Wallach, Rubin and Saxe, JJ.