■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAVAR WOODEN, Appellant. [771 NYS2d 764]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered April 2, 1999. The judgment convicted defendant, upon a jury verdict, of rape in the first degree (seven counts), sodomy in the first degree (seven counts), attempted sodomy in the first degree (two counts) and sexual abuse in the first degree (five counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of seven counts each of rape in the first degree (Penal Law § 130.35 [1]) and sodomy in the first degree (former § 130.50 [1]), two counts of attempted sodomy in the first degree (§ 110.00, former § 130.50 [1]), and five counts of sexual abuse in the first degree (§ 130.65 [1]). Contrary to the contention of defendant, the fact that he was not physically present during the entire sexual assault does not relieve him of accessorial liability. The conduct of defendant prior to, during and after the sexual assault sufficiently establishes his liability as an accessory (§ 20.00; *People v Garner*, 190 AD2d 994, 995 [1993], *lv denied* 81 NY2d 885 [1993]). Also contrary to defendant's contention, County Court did not err in refusing to unseal the youthful offender adjudication file of one of the victims following an in camera review of that file (*see People v Wooden*, 289 AD2d 1083, 1084 [2001], *lv denied* 97 NY2d 734 [2002]). In addition, the court properly denied defendant's

request for a missing witness charge (*see generally People v Gonzalez*, 68 NY2d 424, 427-430 [1986]). The verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe. Present—Wisner, J.P., Kehoe, Gorski, Lawton and Hayes, JJ.