■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCAS RODRIQUEZ, Appellant. [805 NYS2d 910]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered November 15, 2001. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the third degree (§ 265.02 [3], [4]). We agree with defendant that County Court erred in permitting the prosecutor to impeach his own witnesses because the trial testimony of those witnesses did not tend to disprove the People's position with respect to a material fact or affirmatively damage the People's case (see CPL 60.35 [1]; People v Saez, 69 NY2d 802, 804 [1987]; People v Fitzpatrick, 40 NY2d 44, 50-51 [1976]). Reversal is not warranted under the circumstances of this case, however, because the error is harmless (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]). Contrary to defendant's further contention, the handgun was properly admitted in evidence "because there were sufficient surrounding circumstances to permit the jury to infer that the gun was used by defendant" (People v Sheriff, 234 AD2d 894, 895 [1996], lv denied 90 NY2d 910 [1997]). Defendant failed to preserve for our review his contention that the People failed to establish that he knowingly possessed a defaced handgun and thus that the evidence is legally insufficient with respect to the conviction of criminal possession of a weapon in the third degree under Penal Law § 265.02 (3) (see People v Gray, 86 NY2d 10, 19 [1995]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Smith and Lawton, JJ.