▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARLENE SABATINO, Appellant. [840 NYS2d 802]—

Appeal by the defendant from a judgment of the County Court, Putnam County (Rooney, J.), rendered April 1, 2003, convicting her of rape in the first degree, sexual abuse in the first degree, and unlawful imprisonment in the second degree, upon a jury verdict, and sentencing her to concurrent determinate terms of imprisonment of 12 years for rape in the first degree, 7 years for sexual abuse in the first degree, and 1 year for unlawful imprisonment in the second degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment for rape in the first degree from 12 years to 8 years; as so modified, the judgment is affirmed.

To the extent that the defendant's claims of ineffective assistance of counsel involve matter dehors the record, they may not be reviewed on direct appeal (*see People v Elliott*, 39 AD3d 663 [2007]; *People v Ruiz*, 36 AD3d 722, 723 [2007]; *People v Campbell*, 6 AD3d 623, 624 [2004]; *People v Jackson*, 4 AD3d 773, 774 [2004]). Insofar as we are able to review the defendant's claim of ineffective assistance of counsel, the defense counsel's performance provided the defendant with meaningful representation (*see People v Henry*, 95 NY2d 563, 565 [2000]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Benn*, 68 NY2d 941, 942 [1986]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Campbell, supra*).

The defendant's contention that a severance was warranted is unpreserved for appellate review (*see People v Islam*, 22 AD3d 599 [2005]; *People v Santiago*, 204 AD2d 497 [1994]). In any event, the defendant's contention is without merit. Where there is no irreconcilable conflict in the defenses and the defenses are fundamentally similar, a severance is not warranted (*see People v Peisahkman*, 29 AD3d 352 [2006]). In this case, there was no irreconcilable conflict and the defenses were not only fundamentally similar, but largely identical.

The defendant was properly prosecuted and convicted of rape in the first degree and unlawful imprisonment in the second degree under a theory of accessorial conduct. The fact that the defendant was not present during the entire duration of the sexual assault did not relieve her of accessorial liability pursuant to Penal Law § 20.00 (*see People v Wooden,* 4 AD3d 775 [2004]; *People v Garner,* 190 AD2d 994, 995 [1993]; *see also People v Raphael,* 134 AD2d 535 [1987]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

However, under the peculiar circumstances of this case and in the interest of justice, the sentence of 12 years' imprisonment for rape in the first degree was excessive (*see People v McLeod,* 38 AD3d 798, 799 [2007]; *People v Suitte,* 90 AD2d 80, 86-87 [1982]), and we modify the sentence to the extent indicated herein. Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.