SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

150
KA 11-00148
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DARNELL CARTER, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (MARY-JEAN BOWMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered June 17, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), robbery in the first degree (two counts), criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is modified on the law by directing that all sentences imposed shall run concurrently and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and one count of criminal possession of a weapon in the second degree (§ 265.03 [3]), defendant contends that the evidence is legally insufficient to establish his guilt either as a principal or as an accomplice. We reject that contention. "Accessorial liability requires only that defendant, acting with the mental culpability required for the commission of the crime, intentionally aid another in the conduct constituting the offense" (*People v Chapman*, 30 AD3d 1000, 1001, *lv denied* 7 NY3d 811 [internal quotation marks omitted]; *see* § 20.00). Here, the People presented video evidence that defendant and others met in a mini-mart, where defendant pantomimed the firing of a handgun. Other video evidence establishes that, shortly thereafter, defendant and a group of young men exited the mini-mart, and defendant pulled his scarf over his face and walked quickly in the direction of the victim. The People also presented witnesses who testified that the group of men, with defendant in the lead and firing a handgun, chased the victim down the street. The victim's body was found the next morning, but his jewelry was missing and his pockets were turned out. The Medical Examiner testified that he died from a gunshot wound. Two of defendant's accomplices sold the jewelry at a pawn shop. In addition, defendant

told a Niagara Falls Police Captain that he knew the other men planned to rob the victim and that he accompanied them in the event that a fight would occur.  Consequently, there was evidence from which the jury could have reasonably inferred that defendant and his accomplices shared "a common purpose and a collective objective" (*People v Cabey*, 85 NY2d 417, 422), and that "defendant either shot the victim or shared in the intention of the [accomplices] to do so" (*People v Morris*, 229 AD2d 451, *lv denied* 88 NY2d 990).  Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

In addition, defendant contends that County Court erred in permitting the People to impeach their own witness.  Even assuming, arguendo, that the court erred in permitting the impeachment, we conclude that any error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242).  The evidence of guilt is overwhelming, and there is no significant probability that defendant otherwise would have been acquitted (*see People v Saez*, 69 NY2d 802, 804; *People v Cartledge*, 50 AD3d 1555, *lv denied* 10 NY3d 957; *People v Rodriquez*, 24 AD3d 1321, *lv denied* 6 NY3d 817).  Defendant's contention regarding the court's refusal to suppress evidence seized from his house pursuant to a search warrant is moot because the People did not seek to introduce any such evidence at trial (*see generally People v Wegman*, 2 AD3d 1333, 1335, *lv denied* 2 NY3d 747; *People v Burnett*, 306 AD2d 947, 948; *People v Falcon*, 281 AD2d 368, 368-369, *lv denied* 96 NY2d 901).

We conclude, however, that the sentence is illegal insofar as the court directed that the sentence imposed for criminal possession of a weapon in the second degree shall run consecutively to the concurrent sentences imposed for the two counts of murder in the second degree (*see People v Ramsey*, 59 AD3d 1046, 1048, *lv denied* 12 NY3d 858; *People v Fuentes*, 52 AD3d 1297, 1300-1301, *lv denied* 11 NY3d 736).  We therefore modify the judgment accordingly.  " 'Although this issue was not raised before the [sentencing] court or on appeal, we cannot allow an [illegal] sentence to stand' " (*People v Davis*, 37 AD3d 1179, 1180, *lv denied* 8 NY3d 983).  As relevant here, the sentence is illegal because, "[p]ursuant to Penal Law § 70.25 (2), '[w]hen more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, . . .' the sentences, with an exception not relevant here, must run concurrently.  Based on the evidence presented at trial, . . . 'the court has no discretion; concurrent sentences are mandated' " (*People v Roundtree*, 75 AD3d 1136, 1138, *lv denied* 15 NY3d 855, quoting *People v Hamilton*, 4 NY3d 654, 658; *see People v Cromwell*, 71 AD3d 414, 415, *lv denied* 15 NY3d 803; *People v Mercer*, 66 AD3d 1368, 1370, *lv denied* 13 NY3d 940).  Here, "[t]here was no evidence of intended use of the weapon against another apart from its use in the killing of the murder victim" (*People v Boyer*, 31 AD3d 1136, 1139, *lv denied* 7 NY3d 865, *amended on other grounds* 87 AD3d 1413; *see People v Wright*, ___ NY3d ___, ___ [June 5, 2012]).  As modified, the sentence is not unduly harsh or

severe.

We have considered defendant's remaining contention and conclude that it is without merit.

All concur except GORSKI, J., who is not participating.