Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered June 23, 2010, convicting him of rape in the first degree (six counts), criminal sexual act in the first degree (five counts), sexual abuse in the first degree, rape in the third degree (nine counts), and coercion in the second degree, upon a jury verdict, and sentencing him to determinate terms of imprisonment of lPh years followed by periods of 20 years of postrelease supervision on the convictions of rape in the first degree, to run concurrently with each other and with the sentences imposed for the convictions of rape in the third degree and coercion in the second degree, and consecutively with the sentences imposed on the convictions of criminal sexual act in the first degree, determinate terms of imprisonment of 17V2 years followed by periods of 20 years of postrelease supervision on the convictions of criminal sexual act in the first degree, to run concurrently with each other, a determinate term of imprisonment of five years followed by a period of 10 years of postrelease supervision on the conviction of sexual abuse in the first degree, to run concurrently with all other sentences imposed, a determinate term of imprisonment of three years followed by a period of 10 years of postrelease supervision on the conviction of rape in the third degree, to run concurrently with each other, and a definite term of incarceration of one year on the conviction of coercion in the second degree.
Ordered that the judgment is modified, on the law, on the facts, and as a matter of discretion in the interest of justice, (1) by vacating the conviction of coercion in the second degree under count 22 of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment, (2) by reducing the terms of imprisonment imposed on the convictions *1011 of rape in the first degree and the convictions of criminal sexual act in the first degree from determinate terms of imprisonment of 17x/2 years to determinate terms of imprisonment of 15 years, and (3) by directing that the terms of imprisonment for the convictions of rape in the first degree, criminal sexual act in the first degree, and sexual abuse in the first degree shall all run concurrently with each other, except for the term of imprisonment for criminal sexual act in the first degree under count 11 of the indictment, which shall run consecutively to the sentences imposed on the convictions of rape in the first degree; as so modified, the judgment is affirmed.
After a trial, a jury found that the defendant acted in concert with five codefendants in committing multiple rapes of the complainant, and convicted him of six counts of rape in the first degree, five counts of criminal sexual act in the first degree, one count of sexual abuse in the first degree, nine counts of rape in the third degree, and one count of coercion in the second degree. The evidence at trial established that the defendant lured the complainant, a 16-year-old girl with whom he had been communicating over the course of several months, to an apartment where, after engaging in consensual sex with the complainant, the defendant left her alone and naked in the bedroom for each codefendant to take a turn to engage in sexual acts with her.
The defendant failed to preserve for appellate review his contention that the evidence established only that he acted in concert to compel the complainant to have sexual relations with his friends by use of threats to post compromising photographs of her on the Internet, not by use of forcible compulsion, an element of the charges of first-degree rape, first-degree criminal sexual act, and first-degree sexual abuse (see Penal Law §§ 130.35 [1]; 130.50 [1]; 130.65 [1]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that there is a “valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial” (People v Mateo, 2 NY3d 383, 409 [2004], cert denied 542 US 946 [2004] [internal quotation marks omitted]; see People v Cahill, 2 NY3d 14, 57 [2003]; People v Cabey, 85 NY2d 417, 420 [1995]; People v Bleakley, 69 NY2d 490, 495 [1987]). Moreover, upon exercising our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt with respect to these crimes was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]; People v Romero, 7 NY3d 633 [2006]). Even if the defendant did not initially plan that his friends would use forcible *1012 compulsion, the totality of the evidence permitted the jury to infer that the defendant knew that the codefendants, once inside the bedroom, were, in fact, using forcible compulsion, and that “he knowingly participated and continued to participate even after his companion[s’] intentions became clear” (People v Allah, 71 NY2d 830, 832 [1988]; see Penal Law § 20.00; People v Rossey, 89 NY2d 970, 972 [1997]; People v Whatley, 69 NY2d 784, 785 [1987]; People v Clark, 222 AD2d 446, 447 [1995]). Moreover, because the defendant’s conduct “prior to, during and after the rape[s] sufficiently established] his liability as an accessory” (People v Garner, 190 AD2d 994, 995 [1993]), “[t]he fact that [he] was not present during the entire duration of the sexual assault[s] did not relieve [him] of accessorial liability pursuant to Penal Law § 20.00” (People v Sabatino, 41 AD3d 871, 872 [2007]; see People v Wooden, 4 AD3d 775 [2004]; People v Garner, 190 AD2d at 995; People v Raphael, 134 AD2d 535 [1987]) with regard to the acts of any of the codefendants.
However, the verdict of guilt on the count charging the defendant with coercion in the second degree was against the weight of the evidence. A person is guilty of coercion in the second degree when “he or she compels or induces a person to engage in conduct which the latter has a legal right to abstain from engaging in . . .by means of instilling in him or her a fear that, if the demand is not complied with, the actor or another will . . . [p]erform any other act which would not in itself materially benefit the actor but which is calculated to harm another person materially with respect to his or her health, safety, business, calling, career, financial condition, reputation or personal relationships” (Penal Law § 135.60 [9]). Here, the trial court charged the jury that, to find the defendant guilty of coercion in the second degree, they would have to find that the People had proved, beyond a reasonable doubt, that the defendant “compelled or induced [the complainant] to engage in conduct which she had a legal right to abstain from engaging in, and that the defendant did so by means of instilling in [her] a fear that if the demand were not complied with, the defendant or another would post nude photographs of [the complainant] on the Internet.” As there is no evidence, under any theory, that the complainant was coerced into conduct by the defendant’s threats, the conviction of coercion in the second degree must be vacated. We note that, having relied upon one theory at trial, namely that the complainant was induced by the defendant’s threats to engage in sexual intercourse with him, the People may not, having abandoned their original theory, assert for the first time on appeal that the defendant’s threats induced the complainant to meet him at the mall (see People v Dodt, 61 NY2d 408, 416 *1013 [1984]; People v Vargas, 89 AD3d 771, 772 [2011]; People v Perlstein, 97 AD2d 482, 484 [1983]).
The defendant’s arguments regarding alleged prosecutorial misconduct during summation are unpreserved for appellate review, as the defendant failed to object to the challenged remarks or, when an objection was sustained, failed to request further instructions or move for a mistrial (see CPL 470.05 [2]; People v Gill, 54 AD3d 965, 966 [2008]; People v Banks, 74 AD3d 1214, 1215 [2010]; People v Mitchell, 68 AD3d 784, 785 [2009]). In any event, the challenged remarks constituted a fair response to defense counsel’s summation or fair comment on the evidence or inferences drawn therefrom (see People v Banks, 74 AD3d at 1215; People v Rudd, 62 AD3d 729, 729 [2009]; People v Dorgan, 42 AD3d 505 [2007]), or constituted harmless error (see People v Reddick, 65 NY2d 835, 836 [1985]; People v Crimmins, 36 NY2d 230, 241 [1975]; People v Kinard, 96 AD3d 976 [2012]; People v Mullings, 88 AJD3d 745 [2011]).
The imposition of consecutive sentences on the convictions of rape in the first degree, criminal sexual act in the first degree, and sexual abuse in the first degree, was illegal, except with respect to the sentence imposed on the conviction of criminal sexual act in the first degree under count 11. “Although this issue was not raised before the [sentencing] court or on appeal, we cannot allow an [illegal] sentence to stand” (People v Carter, 96 AD3d 1520, 1522 [2012] [internal quotation marks omitted]; see People v Davis, 37 AD3d 1179, 1180 [2007]). Moreover, “a defendant may not waive the right to challenge the legality of a sentence” (People v Seaberg, 74 NY2d 1, 9 [1989]; see People v Streeter, 198 AD2d 456, 457 [1993]).
Section 70.25 of the Penal Law provides that “[w]hen more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences . . . must run concurrently” (Penal Law § 70.25 [2]). “Under either of those circumstances, the court has no discretion; concurrent sentences are mandated” (People v Hamilton, 4 NY3d 654, 658 [2005]; see People v Ramirez, 89 NY2d 444 [1996]). In determining whether two crimes were separate and distinct for the purposes of imposing consecutive or concurrent sentences, “it is the acts of the defendant that control” (People v Ramirez, 89 NY2d at 453). When the actus reus, or the “ ‘wrongful deed that comprises the physical components of a crime’ ” (People v McKnight, 16 NY3d 43, 48 [2010], quoting People v Rosas, 8 NY3d 493, 496 n 2 [2007]), is a “single, insep *1014 arable act” that violates more than one statute, single punishment must be imposed (see People v McKnight, 16 NY3d at 48; People v Ramirez, 89 NY2d at 453).
Here, the actus reus committed by the defendant in concert with each codefendant was “a single, inseparable act” (People v Ramirez, 89 NY2d at 453). With respect to each codefendant, the defendant’s actus reus violated more than one statute due solely to the acts committed by the codefendant after the defendant had already completed his role. Each actus reus of the defendant “warrants [only] a single punishment” (id.; cf. People v Brathwaite, 63 NY2d 839 [1984]). The concurrent 17V2-year sentences imposed on the convictions of rape in the first degree under counts 1 through 6, and the concurrent 171/2-year sentences imposed on the convictions of criminal sexual act in the first degree under counts 7 through 10 were for two crimes perpetrated by the same set of codefendants, but the defendant committed only one actus reus with respect to each codefendant. Thus, those sentences must run concurrently with each other (see People v Ramirez, 89 NY2d at 453). Likewise, the sentences imposed on the convictions of criminal sexual act in the first degree under count 11 and sexual abuse in the first degree under count 12, in which the defendant was charged with acting in concert with a single codefendant, must run concurrently with each other. However, since the codefendant involved in the conduct underlying count 11 was not involved in the conduct underlying counts 1 through 6, it is permissible for the sentence imposed on the conviction of criminal sexual act in the first degree under count 11 to run consecutively to the sentences imposed on the convictions of rape in the first degree under counts 1 through 6.
The sentences imposed upon the convictions of rape in the first degree and the convictions of criminal sexual act in the first degree were excessive to the extent indicated (see People v Barone, 101 AD3d 585 [2012]; People v Schonfeld, 68 AD3d 449, 450 [2009]; People v Pedraza, 25 AD3d 394, 397 [2006]; People v Slobodan, 67 AD2d 630 [1979]). Mastro, J.E, Austin, Roman and Cohen, JJ., concur.