People v Singh (2019 NY Slip Op 02728)





People v Singh


2019 NY Slip Op 02728


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-12493
 (Ind. No. 2203/08)

[*1]The People of the State of New York, respondent,
v
Harpreet Singh, appellant.


Fasulo Braverman & DiMaggio, LLP, New York, NY (Samuel M. Braverman of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Robert Charles Kohm, J.), dated July 11, 2016. The order, after a hearing, denied the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered June 23, 2010, and to grant him youthful offender treatment.
ORDERED that the order is affirmed.
The facts underlying this case were previously set forth by this Court on the defendant's direct appeal from the judgment of conviction (see People v Singh, 109 AD3d 1010).
On June 27, 2013, while the defendant's direct appeal was still pending, the Court of Appeals decided People v Rudolph (21 NY3d 497, 499), holding that, pursuant to CPL 720.20(1), "where a defendant is eligible to be treated as a youthful offender, the sentencing court must' determine whether he or she is to be so treated," and that "compliance with this statutory command cannot be dispensed with, even where defendant has failed to ask to be treated as a youthful offender, or has purported to waive his or her right to make such a request." In July 2015, the defendant moved in the trial court to vacate his judgment of conviction pursuant to CPL 440.10, on the ground that "he was entitled to a hearing to determine his eligibility for sentencing as a youthful offender." The court, in an order dated October 29, 2015, initially denied the motion on the ground that the defendant was ineligible for youthful offender treatment because of a prior youthful offender adjudication which was based upon a plea of guilty to robbery in the first degree. The court stated that it was its "fervent hope that the defendant continue to serve his entire sentence and that he then be deported from this country." However, on November 10, 2015, on its own motion, the court vacated that determination, on the ground that the prior youthful offender adjudication was for a different person with the same name as the defendant, and directed a hearing on whether the defendant should be afforded youthful offender treatment.
On December 4, 2015, prior to the commencement of the hearing, defense counsel made an oral application for the trial court to recuse itself, based on the court's alleged bias against his client that was demonstrated in the order dated October 29, 2015, which had been vacated. The [*2]court denied the application and proceeded with a hearing on whether the defendant should be afforded youthful offender treatment. At the conclusion of the hearing, the court denied the defendant's motion. On appeal, the defendant contends that the court erred in refusing to recuse itself and in finding the defendant ineligible for youthful offender treatment.
"Absent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter of the need for recusal, and its decision is a matter of discretion and personal conscience" (Burke v Carrion, 101 AD3d 920, 921; see 22 NYCRR 100.3; People v Moreno, 70 NY2d 403, 405; Matter of McGrath v D'Angio, 85 AD3d 794, 795; EECP Ctrs. of Am. v Vasomedical, Inc., 277 AD2d 349). A court's determination that recusal is not warranted will not be disturbed unless it constitutes an improvident exercise of discretion" (Irizarry v State of New York, 56 AD3d 613, 614; see Matter of Imre v Johnson, 54 AD3d 427, 427-428). The defendant does not allege that the judge was legally disqualified by reason of interest or consanguity pursuant to Judiciary Law § 14. Rather, the defendant contends, inter alia, that the judge was "legally disqualified" from presiding over the youthful offender hearing, because the judge "improperly and incorrectly obtained personal knowledge of disputed facts," in violation of 22 NYCRR 100.3(B)(6), which prohibits certain ex parte communications with the court, and 22 NYCRR 100.3(E)(1)(a), which deals with disqualification based upon personal bias or prejudice against a party and personal knowledge of disputed facts. However, for alleged bias and prejudice to be disqualifying, "[it] must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case" (United States v Grinnell Corp., 384 US 563, 583; see Berger v United States, 255 US 22, 31). Here, there is no indication that the erroneous information obtained by the court of the defendant's criminal record, which, in fact, related to another person, was improperly obtained, and the erroneous information apparently did not affect the court's ultimate determination. Rather, the court based its ultimate determination of the question of whether the defendant was eligible for youthful offender treatment firmly on what the judge learned from his participation in the case (see United States v Grinnell Corp., 384 US at 583), both at the trial and the hearing.
On the merits, the defendant was convicted of numerous counts of rape in the first degree and criminal sexual act in the first degree, and, pursuant to CPL 720.10(3), would be eligible for youthful offender treatment only if the court determined that one or more of the following factors existed: "(i) mitigating circumstances that [bore] directly upon the manner in which the crime was committed; or (ii) where the defendant was not the sole participant in the crime, the defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution" (CPL 720.10[3]).
In this case, there were no mitigating circumstances bearing directly upon the manner in which the enumerated sex crimes were committed, and the defendant's role in those crimes was not minor.
Accordingly, we agree with the Supreme Court's denial of the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction rendered June 23, 2010, and to grant him youthful offender treatment (see People v Middlebrooks, 25 NY3d 516, 527).
RIVERA, J.P., COHEN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court