People v McAvoy (2020 NY Slip Op 02051)





People v McAvoy


2020 NY Slip Op 02051


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-08190
 (Ind. No. 2279/17)

[*1]The People of the State of New York, respondent,
v
Matthew McAvoy, appellant.


Laurette D. Mulry, Riverhead, NY (Louis E. Mazzola of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Edward A. Bannan and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy Mazzei, J.), rendered May 30, 2018, convicting him of assault in the second degree (two counts) and obstructing governmental administration in the second degree, upon his plea of guilty, and sentencing him, as a second violent felony offender, inter alia, to a determinate term of imprisonment of 7 years, to be followed by a period of postrelease supervision of 10 years, on the conviction of assault in the second degree under count one of the indictment.
ORDERED that the judgment is modified, on the law, by reducing the period of postrelease supervision on the conviction of assault in the second degree under count one of the indictment from a period of 10 years to a period of 5 years; as so modified, the judgment is affirmed.
On September 13, 2017, during a parole visit, the defendant fled the parole office after being ordered to remain in a room until he could provide a urine sample. In an effort to apprehend the defendant, a parole officer and a security officer were injured. The defendant was charged by indictment with two counts of assault in the second degree and one count of obstructing governmental administration in the second degree. The defendant entered a plea of guilty to all three counts charged in the indictment. During the plea allocution, the defendant admitted that he did not heed the parole officer's lawful order to remain in the room until he could provide a urine sample, and two officers were injured after one tackled him and he resisted their efforts to restrain him. The County Court sentenced the defendant, as a second violent felony offender, to a determinate term of imprisonment of 7 years, to be followed by a period of postrelease supervision of 10 years, on the conviction of assault in the second degree under count one of the indictment, to be served consecutively to a determinate term of imprisonment of 5 years, to be followed by a period of postrelease supervision of 5 years, on the conviction of assault in the second degree under count two of the indictment. Those two sentences were directed to be served concurrently with a definite term of imprisonment of 1 year on the conviction of obstructing governmental administration in the second degree.
Contrary to the defendant's contention, the sentencing court did not err in imposing consecutive sentences for the defendant's convictions of assault in the second degree (see People v Ramirez, 89 NY2d 444, 451; People v Laureano, 87 NY2d 640, 643; People v Brown, 80 NY2d 361, [*2]364). Although the assault convictions arose out of a single transaction, the defendant's initial resistance of one officer followed by his subsequent resistance of a second officer, causing injury to each officer, constituted separate and distinct acts that justified the imposition of consecutive terms of imprisonment as to those crimes (see Penal Law § 120.05[3]; People v Jian Ming Huang, 22 AD3d 269, 270; People v Kendrick, 261 AD2d 646; People v Williams, 258 AD2d 543, 544).
However, the period of postrelease supervision imposed with respect to the conviction of assault in the second degree under count one of the indictment was illegal. "Although the issue was not raised before the sentencing court or on appeal, we cannot allow an illegal sentence to stand" (People v Singh, 109 AD3d 1010, 1013 [alterations and internal quotation marks omitted]; see People v Carter, 96 AD3d 1520, 1522). Accordingly, we reduce the sentence to the extent indicated herein.
DILLON, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court