People v Lopez (2022 NY Slip Op 04180)

People v Lopez

2022 NY Slip Op 04180

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2018-10368
 (Ind. No. 217/18)

[*1]The People of the State of New York, respondent,
v
Jose Abel Polanco Lopez, Also Known as Abel Polanco, appellant.

Laurette D. Mulry, Riverhead, NY (Gregory Benneditto Haynes of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Timothy P. Finnerty and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Barbara Kahn, J.), rendered August 13, 2018, convicting him of rape in the first degree (two counts), sexual abuse in the first degree (two counts), rape in the third degree (two counts), and endangering the welfare of a child (two counts), upon his plea of guilty, and sentencing him to a determinate term of imprisonment of 7 years to be followed by a period of postrelease supervision of 15 years on each conviction of rape in the first degree, a determinate term of imprisonment of 7 years to be followed by a period of postrelease supervision of 15 years on each conviction of sexual abuse in the first degree, a determinate term of imprisonment of 4 years to be followed by a period of postrelease supervision of 10 years on each count of rape in the third degree, and a definite term of imprisonment of 1 year on each count of endangering the welfare of a child, with all sentences to run concurrently.
ORDERED that the judgment is modified, on the law, by reducing the periods of postrelease supervision on each of the convictions of sexual abuse in the first degree from 15 years to 10 years; as so modified, the judgment is affirmed.
The defendant's challenge to the factual sufficiency of his plea allocution to the counts of sexual abuse in the first degree is unpreserved for appellate review, as the defendant failed to move to withdraw his plea or to vacate the judgment of conviction (see CPL 220.60[3]; 440.40; People v Lopez, 71 NY2d 662, 665; People v Woods, 138 AD3d 1153, 1154). Moreover, the exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Lopez, 71 NY2d at 666; People v Loftus, 183 AD3d 631, 632). In any event, the defendant's contention is without merit.
As the People correctly concede, the periods of postrelease supervision imposed with respect to the convictions of sexual abuse in the first degree were illegal (see Penal Law §§ 70.45[2-a][d]; 130.65[4]). Accordingly, we reduce the sentence on each of those convictions to the extent indicated herein (see People v McAvoy, 181 AD3d 888, 889; People v Singh, 109 AD3d 1010, 1013).
The sentence imposed, as modified, was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., MALTESE, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court