People v Jointe
2026 NY Slip Op 02673
April 29, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Andrew Jointe, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on April 29, 2026
2023-10192, (Ind. No. 73954/22)
Betsy Barros, J.P.
Valerie Brathwaite Nelson
Barry E. Warhit
Lourdes M. Ventura
Susan Quirk, JJ.

Patricia Pazner, New York, NY (Sankeerth Saradhi of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Robert Ho on the memorandum), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Danny Chun, J.), imposed October 25, 2023, sentencing him to concurrent determinate terms of imprisonment of 3½ years, to be followed by 10 years of postrelease supervision, upon his convictions of rape in the third degree and attempted sex trafficking of a child, upon his plea of guilty, on the ground that the periods of postrelease supervision imposed as part of the sentence were excessive.
ORDERED that the sentence is modified, on the law, by reducing the period of postrelease supervision on the conviction of attempted sex trafficking of a child from a period of 10 years to a period of 5 years; as so modified, the sentence is affirmed.
The period of postrelease supervision imposed with respect to the conviction of attempted sex trafficking of a child was illegal. "Although the issue was not raised before the sentencing court or on appeal, we cannot allow an illegal sentence to stand" (People v McAvoy, 181 AD3d 888, 889 [internal quotation marks omitted]; see People v Singh, 109 AD3d 1010, 1013). Accordingly, we reduce the sentence to the extent indicated herein.
The periods of postrelease supervision imposed, as modified, were not excessive (see People v Sanchez, 221 AD3d 734; People v Suitte, 90 AD2d 80).
BARROS, J.P., BRATHWAITE NELSON, WARHIT, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court